## Gosart v. Gosart

*Joseph M. Blazosek,* for plaintiff.
*Barry A. Yelen,* for defendant.

TOOLE, *J.,* July 25, 1984 — Donald C. Gosart (plaintiff) filed a three-count complaint in divorce on June 20, 1984. The first count apparently alleges a cause of action based on §201(c) of the Divorce Code.[1] Count III makes a claim for equitable distribution of the marital property.[2] The second count of the complaint contains three paragraphs. The first paragraph (12) incorporates by reference paragraphs one through 11 (Count I). The second paragraph (13) alleges that the marriage is irretrievably broken, while the third paragraph (14) alleges that "the parties hereto separated on August 10, 1981,

---

1. Act of April 2, 1980, P.L. 63, §201(c), 23 P.S. §201(c) (pkt. pts.).
2. 23 P.S. §301(d).

and have lived separate and apart since that time." Neither Count I or II indicates what section of the code it is based upon, but it is assumed that Count I is based upon §201(c) while Count II is based upon 201(d) of the code.

Jean Gosart, defendant, filed a preliminary objection entitled "Motion to Dismiss" seeking the dismissal of Count II on the ground that it was premature as there has not yet been a three-year separation. The matter is now before us for resolution.

Initially we note that we have not found, nor has any authority been cited to us, in the Rules of Civil Procedure authorizing a preliminary objection in the nature of a motion to dismiss. Preliminary objections in divorce actions are governed by Pa.R.C.P. 1017 and 1920.11. A review of those sections fails to disclose any authorization for the objection filed by defendant in this action.

Secondly, we note that the argument submitted by defendant consists of only two sentences:

"Section 201(d) of the Divorce Act provides for a no-fault divorce where there has been a three-year separation between the parties. The act does not provide nor allow an action to be brought prior to a three-year separation."

On the basis of the two cited sentences, defendant concludes that Count II of the pleading is untimely and premature and should be dismissed. The brief contains no legal argument, and no citation of authority is offered in support of the so-called argument or the conclusion except the mere reference to §201(d) of the act.

This court has recently promulgated new rules of procedure governing pretrial motions such as preliminary objections. The new rules were proposed and promulgated in order to facilitate the presenta-

tion and disposition of such motions so that the merits of controversies could be quickly considered and determined. At the outset of the new procedure, we deem it important to remind counsel that care must be taken in the preparation and presentation of any pretrial motion or petition as well as in the preparation of supporting briefs. The preliminary objection and the brief filed in support thereof in this case are not in our opinion in compliance with either the Rules of Civil Procedure or the requirements and desires of this court.

In Bott v. Villa II Builders (slip opinion 11118 of 1976) we declared:

"As a pleading, a preliminary objection should fully and clearly inform both the opposing party and the court of the nature of the objection as well as identifying the parts or paragraphs of the pleading objected to. We conclude and hold that proper practice requires the pleader to state the objections with specificity and clarity and, in addition, to cite the legal authority which supports the objections.[3] In this way, the adversary has the opportunity within 10 days after service of the objections to determine whether his pleading is in any way defective and, if so, to automatically file an amended complaint pursuant to Pa.R.C.P. 1028(c). An accurate description of the type pleading which this court expects is contained in 2 Goodrich-Amram 2d §1028(a): 1, pp. 238-239:

'. . . The pleader must steer an intelligent middle course between giving inadequate information and writing a brief in the objections.' " See also

---

3. While there is not statutory, procedural or decisional authority requiring such citation, we suggest that better practice and the interests of justice dictate the inclusion of such citation.

Manghillis v. Allstate Ins. Co., 73 Luz. Leg. Reg. 26 (1983).

If a proponent desires a judicial determination of any issue, he is then required to set forth his objection or contention in an appropriate motion with particularity. In addition, the proponent is required to support his objection or contention with a brief specifically addressing any issue presented for judicial determination with appropriate legal citation of authority. An improperly drafted motion or an inadequate brief impairs the court's ability not only to conduct a meaningful review but to reach a speedy and just determination. The court should not be required to undertake a judicial exploration to uncover legal support for preliminary objections which are not properly addressed and developed in the brief. Like the appellate courts, we decline to become counsel for either party. If issues are not properly raised and developed in briefs, if the briefs are wholly inadequate to present specific issues for review, then this court will no longer consider the merits thereof. Cf. Commonwealth v. Sanford, 299 Pa. Super. 64, 445 A.2d 149 (1982); Commonwealth v. Bossick, 305 Pa. Super. 196, 451 A.2d 489, 493 (1982).

While some courts have not required strict compliance with pleading rules, we think the better practice is to require the compliance contemplated and desired by the drafters of the rules. While that performance will obviously entail additional effort and time in drafting pleadings, motions or petitions, the result will be better preparation. In the long run, compliance with the rules will improve the quality of professional service and judicial resolution.

In this case, defendant's preliminary objection is not in accord with the Rules of Civil Procedure, and

her brief is wholly inadequate to present any issue for review.

Accordingly, there is no legal need for us to discuss or decide the issue. Hence, we will treat the motion to dismiss as a demurrer; and despite the inadequacy of the brief, we will decide whether a complaint in divorce based on §201(d) of the Divorce Code can be filed if the three-year separation period has not already accrued.

In Rueckert v. Rueckert, 20 D.&C.3d 191 (1981), the Allegheny County Court, after observing that there may be some incentive for and advantage to filing a §201(d) action early, stated (pp. 196-197):

"It is not contended, however, that filing such actions under §201(d) should not be permitted until after the three (3) year separation 'requirement' has been fulfilled. Pa.R.C.P. 1920.72 implies that such a conclusion would be erroneous in that it requires no allegation of the requisite separation period and thus, apparently, does not attach significance to whether the three years have passed at the time that the §201(d) complaint is filed. Where there is an actual contest, permitting early filing is consistent with the legislative intent demonstrated by the economic protections provided in the code. On balance, the economic benefits of the above-cited statutory protections far outweigh their potential for abuse."

The issue here presented was also considered and addressed in Goditus v. Goditus, 28 D.&C.3d 271 (1983). In that case, the Lycoming County Court concluded that §201(d) of the Divorce Code requires an allegation that the parties are living separate and apart in both the divorce complaint and accompanying affidavit even though Pa.R.C.P. 1920.72 does not specifically require such an allegation. The court there pertinently declared (pp. 274-275):

"The fact that the three years have not accrued at the time of the filing of the complaint does not mean that an allegation under §201(d) may not be made in the complaint. The statute does not state the exact language which must be used to state the claim. An allegation to the effect that the parties have lived separate and apart since a particular date is sufficient to state a claim under §201(d). The fact that the three years have not accrued at the time of the filing of the complaint means only that no divorce may be granted under §201(d) until the three years have elapsed. We interpret the language of the statute to state that the court may grant the divorce under §201(d) as long as the three-year separation is alleged in some manner in the complaint. We further hold that such an allegation is mandatory."

We are satisfied on the basis of the cited cases that the instant complaint is sufficient to overcome the demurrer (motion to dismiss) filed by defendant in this case.

Accordingly, we enter the following

### ORDER

The preliminary objection filed by Jean Gosart, defendant, in the above-captioned matter is hereby overruled.