222 N.J. Super. 169 (1988)
536 A.2d 308
BARBARA W. ZAPPALA, PLAINTIFF-APPELLANT,
v.
ANGELO J. ZAPPALA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted September 16, 1987.
Decided January 5, 1988.
*170 Before Judges GAULKIN, GRUCCIO and D'ANNUNZIO.
Eleanor H. Klein, for appellant (Eleanor H. Klein and Jonathan R. Klein, on the brief).
Saverio R. Principato, for respondent (Saverio R. Principato and Salvatore Principato, Jr., on the brief).
The opinion of the court was delivered by GAULKIN, J.A.D.
This is an appeal by the wife, on leave granted, from a partial summary judgment mandating "that the termination date of the marriage, for the purpose of equitable distribution of assets, is October 13, 1982, the date of the filing of the Complaint for Divorce in the Commonwealth of Pennsylvania by the Defendant, Angelo J. Zappala."
The parties married in 1965. They lived together in Moorestown, New Jersey from 1976 until April 1982 when the husband left the marital home and took up residence in Bucks County, *171 Pennsylvania. On October 13, 1982, the husband filed a three-count divorce complaint in Pennsylvania. Count I sought a divorce on the grounds of "indignities"; Count II sought a divorce based on the consent of both parties; Count III sought a no-fault divorce based on three years of separation. Count III did not allege that the parties had been separated for three years, but rather represented that "at the time of the hearing, plaintiff will submit an affidavit alleging that the parties have lived separate and apart for at least three years."
On January 25, 1984, the wife filed a complaint in New Jersey seeking, among other relief, a divorce on grounds of desertion and extreme cruelty. She was granted an order temporarily restraining the husband from taking further action on his Pennsylvania complaint. A subsequent order directed that the restraints "shall continue in full force and effect until June 29, 1984."
In May 1985, the wife received certain pleadings from the Pennsylvania court indicating that the husband was proceeding with his action. By order dated May 8, 1985, the New Jersey court again temporarily restrained the husband from so doing. That restraint was partially dissolved by order dated June 12, 1985, which permitted the husband to "proceed on no-fault grounds in Pennsylvania." On July 1, 1985, a judgment of divorce was entered in Pennsylvania on the no-fault ground of a three year separation. Issues of custody, support, alimony and equitable distribution were not addressed in Pennsylvania and are to be decided, the parties agree, in the New Jersey action.
In August 1985, the husband moved for partial summary judgment establishing October 13, 1982, the date he filed his Pennsylvania complaint, as the date of termination of the marriage for purposes of equitable distribution. In response, the wife urged the court to adopt January 25, 1984, the filing date of the New Jersey complaint, as the equitable distribution date. The motion judge, relying on Portner v. Portner, 93 N.J. *172 215 (1983), fixed October 13, 1982 as the cut-off date. The wife appeals. We reverse.
N.J.S.A. 2A:34-23 authorizes equitable distribution of property acquired by the spouses "during the marriage." Although that language could be said to fix the date of divorce as the termination date of a marriage, our case law has rejected that reading. Painter v. Painter, 65 N.J. 196, 217 (1974). The marriage is terminated, rather, on the date "the enterprise collapses  on which the marriage irretrievably breaks down." Smith v. Smith, 72 N.J. 350, 361 (1977).
The cases recognize that it is virtually impossible to establish with any reasonable precision when a breakdown of the marital relationship has become irretrievable. Painter, 65 N.J. at 217; Portner, 93 N.J. at 219. Accordingly, our Supreme Court has established bright-line rules "to avoid the necessity of the court and the parties spending inordinate amounts of time and money in seeking the ever-elusive date when their marriage truly ended." Portner, 93 N.J. at 223.
The central bright-line rule is that the marriage is deemed ended upon the filing of a valid divorce complaint that culminates in a divorce. Portner, 93 N.J. at 219. Deviation from that rule has been permitted where there is "incontrovertible evidence" (Smith, 72 N.J. at 361) establishing some other date. Thus, the execution and implementation of a written separation agreement will mark the end of a marriage. Id. An oral agreement to separate, accompanied by an actual division of marital property pursuant to that agreement, also establishes the end of the marital partnership. DiGiacomo v. DiGiacomo, 80 N.J. 155, 159 (1979). On the other hand, mere separation pursuant to an oral agreement, even with an agreement for support, is not sufficient to fix the end of the marriage. Brandenburg v. Brandenburg, 83 N.J. 198, 209 (1980).
On their face, the facts here would appear to sustain the motion judge's invocation of Portner to fix the end of the marriage at October 13, 1982. Defendant had separated from *173 plaintiff in April 1982, apparently without any oral or written agreement or property distributions. He filed his divorce complaint in Pennsylvania on October 13, 1982. That complaint culminated in a divorce decree. Portner would deem the marriage terminated on October 13, 1982.
The clinker is that the cause of action upon which the Pennsylvania divorce was granted, a three year separation, had not accrued at the time the complaint was filed. Apparently in Pennsylvania a divorce complaint alleging an unripe no-fault cause of action may be valid, at least in some circumstances. See Gosart v. Gosart, 38 Pa. D. & C.3d 563 (1984). But in New Jersey, a complaint filed prior to the accrual of a no-fault divorce cause of action is subject to dismissal. N.J.S.A. 2A:34-2(d); Brandenburg, 83 N.J. at 208. The filing of such an "unmeritorious" complaint would not mark the end of the marriage. Portner, 93 N.J. at 221. As Justice Garibaldi said in Portner, there is a "manifest unfairness" in any rule which holds "that the marriage is dead for purposes of equitable distribution but alive with respect to prohibiting a divorce of the parties." Id. at 224. To permit equitable distribution rights to be terminated upon the filing of a complaint asserting an unripe cause of action would encourage the filing of divorce complaints to gain an economic advantage rather than to end the marriage. Id. at 222.[1]
The rationale of Portner thus persuades us that the Portner bright-line rule should not be applied here. Arguably, the Portner rationale could justify using the April 1985 date of accrual of defendant's Pennsylvania cause of action which had already been pleaded and which eventuated in the divorce judgment. But plaintiff had filed her New Jersey divorce action on January 25, 1984, alleging fully accrued causes of *174 action based on desertion and extreme cruelty. As of that date, the parties had both filed complaints for divorce, one of which ultimately proceeded to judgment. That, we find, is "incontrovertible evidence" (Smith, 72 N.J. at 361) that the marriage had irretrievably broken down. We thus fix January 25, 1984 as the equitable distribution date.[2]
The February 28, 1986 summary judgment order is reversed. The matter is remanded to the Chancery Division  Family Part for entry of an order in accordance with this opinion and for all further proceedings.
NOTES
[1] The viability of Counts I and II of the husband's complaint as of the filing date is irrelevant. The Pennsylvania court apparently never passed upon those causes of action. To explore them in the New Jersey action would be wasteful and inappropriate.
[2] Neither of the parties suggests that, in fixing the equitable distribution date, the New Jersey court should be guided by Pennsylvania law. Pennsylvania provides for equitable distribution of "all property acquired by either party during the marriage," but excepts "[p]roperty acquired after separation until the date of divorce...." 23 Pa. Stat. Ann. § 401(e)(4).