817 A.2d 1030

MARTIN M. HIGGINS PLAINTIFF(S), v. ELLEN M. HIGGINS DEFENDANT(S).

Superior Court of New Jersey
Chancery Division

November 21, 2002.

396

*J.P. Reilly, Jr.*, for Plaintiff.

*R. Robert Fleming*, for Defendant.

BAKER, J.S.C.

This is an application filed by the Plaintiff, Martin M. Higgins, for an order seeking the reinstatement of a divorce complaint that was previously dismissed for lack of prosecution pursuant to *R.*1:13–7.

Plaintiff filed a complaint for divorce on December 31, 2001. Shortly thereafter, Plaintiff believed there was a possibility of reconciliation between the parties and chose not to serve the complaint on the Defendant.

The complaint was dismissed for lack of prosecution on August 15, 2002. After the complaint was dismissed and the parties' attempt to reconcile had failed, Plaintiff sought to reinstate the complaint pursuant to *R.*1:13–7 and *R.*5:7–7.

*R.*1:13–7 provides for the dismissal of civil actions for lack of prosecution and allows for the complaint to be reinstated upon motion to the court within one year. The rule is an administrative rule designed to clear the docket of cases that cannot be prosecuted or that are voluntarily dismissed. *R.*5:7–7 allows for a complaint in a divorce action to be reinstated by an order of the court to proceed after a dismissal under *R.*1:13–7. A motion can be filed requesting the reinstatement of the complaint within one year of the original filing date.

In civil actions, the effective date of the reinstatement of the complaint reverts back to the original pleadings allowing the status of the action to remain the same before it was dismissed. *Mason v. Nabisco Brands, Inc.,* 233 *N.J.Super.* 263, 558 *A.*2d 851 (App.Div.1989). It was "...made clear in *Mason* that the reinstatement always relates back to the date of the filing of the original complaint." *Rivera v. Atlantic Coast Rehabilitation and Health Care Center,* 321 *N.J.Super.* 340, 347, 729 *A.*2d 42 (App. Div.1999). The rule was interpreted in that way in order to preclude a claim being barred by a statute of limitations defense that would have been unavailable had the complaint not been dismissed. *Mason, supra,* at 268, 558 *A.*2d 851.

Since a statute of limitations defense is not applicable in a divorce action, the rationale of *Mason* and *Rivera* does not apply here. Additionally, to reinstate a divorce action to the original complaint date could have a serious effect on the issue of equitable distribution.

"*N.J.S.A.* 2A:34–32 authorizes equitable distribution of property acquired by the spouses during the marriage." *Zappala v. Zappala*, 222 *N.J.Super.* 169, 536 *A.*2d 308 (App.Div.1988). Our Supreme Court has recognized that the end of a marriage for equitable distribution purposes is the date of the filing of the divorce complaint. *Portner v. Portner*, 93 *N.J.* 215, 460 *A.*2d 115 (1983). Property acquired by either party after the date a divorce complaint is filed is not subject to equitable distribution. The reasoning for this date to be the "cut-off" time for distribution of property is that this event signifies the termination of the marriage. *Painter v. Painter*, 65 *N.J.* 196, 320 *A.*2d 484 (1974). However, when a litigant decides not to proceed with a divorce action because the parties desire to attempt a reconciliation, the marriage has not truly ended.

This court concludes that it is appropriate to reinstate the complaint for divorce pursuant to *R.*1:13–7, and the date of the reinstatement of the complaint should be the filing date of the motion to reinstate the complaint. The rule used in civil cases to reinstate the complaint retroactive to the date of the original complaint should not be automatically applied in divorce actions. The court is satisfied the original filing date of the divorce complaint did not signify the end of the marriage. It was the parties' attempt to reconcile that prompted the dismissal of the complaint pursuant to *R.*1:13–7. Therefore the parties did not believe the marriage was over as of that date. It would be inappropriate for the cut-off date for equitable distribution purposes to be the original filing date. In this case, the end of the marriage was triggered by the parties' failed attempt at reconciliation. Therefore, the complaint shall be reinstated, the effective

date being the filing date of the motion requesting the reinstatement of the complaint.