153 N.J. Super. 343 (1977)
379 A.2d 857
AUTOMATIC WASHER SERVICE, INC., A PENNSYLVANIA CORPORATION, PLAINTIFF-RESPONDENT,
v.
BRUNSWICK BURLINGTON, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 4, 1977.
Decided October 17, 1977.
*344 Before Judges MATTHEWS, CRANE and ANTELL.
Mr. Joseph E. Shamy, attorney for appellant (Mr. Manfred C. Gernand on the brief).
Messrs. Melnik, Morgan, Weinberg & Weiner, attorneys for respondent (Messrs. Jeffrey A. Weiner and Jeffrey I. Kessler on the brief).
PER CURIAM.
This is an appeal from an order denying defendant's motion to vacate an order granting summary judgment in favor of plaintiff and to vacate an order dismissing defendant's answer and counterclaim.
Defendant's difficulties began when its counsel failed to answer the interrogatories of plaintiff within time. As a result, on May 25, 1976 an order was entered striking the defendant's answer and dismissing its counterclaim. The order was mailed to defendant's counsel on May 28, 1976 and received by him on June 1, 1976. On June 16, 1976 plaintiff filed a notice of motion for summary judgment returnable July 2, 1976. On June 28, 1976 defendant's counsel filed a notice of motion to vacate the order striking the answer and dismissing the counterclaim. That motion was also made returnable on July 2, 1976. Contemporaneously with the filing of the motion plaintiff's interrogatories were answered and a check for $50 was sent to the clerk in conformity with R. 4:23-5(a). Plaintiff did not contend below *345 and does not contend here that the answers were not fully responsive.
When, on July 2, 1976, defendant's attorney did not appear in response to the motion for summary judgment it was granted. Defendant's motion to vacate was not heard because it had been received by the clerk too late for listing. Defendant's counsel then filed a motion returnable on July 16, 1976 to vacate the order granting summary judgment as well as the order dismissing defendant's answer and counterclaim. The trial judge was of the opinion that the motion to vacate was not made within the time period prescribed by R. 4:23-5(a). He consequently denied the motion.
We reverse. R. 4:23-5 allows a delinquent party 30 days from the date upon which the order to dismiss has been served upon him within which to make a motion to vacate. The pertinent language of the rule is as follows:
On formal motion made by the delinquent party within 30 days after service upon him of the order, the court may vacate it * * *.
The order of dismissal was served upon defendant's counsel on June 1. His motion to vacate was filed on June 28; thus, it was clearly "made" within the 30-day period permitted by R. 4:23-5. The date upon which the motion was returnable is of no significance; the critical date is the date of filing the motion with the court. See Delaware Tp. v. Neeld, 52 N.J. Super. 63 (App. Div. 1958), cf. Neptune City v. Mestice, 31 N.J. Super. 6 (App. Div. 1954), certif. den. 18 N.J. 105 (1955). Reinstatement of the answer and counterclaim should have been permitted. Lang v. Morgan's Home Equipment Corp., 6 N.J. 333 (1951); Crews v. Garmoney, 141 N.J. Super. 93, 96 (App. Div. 1976).
Although we have reversed the determination of the trial court, our reversal should not be understood as approval of the conduct of the proceedings below on the part of counsel for defendant. At the hearing on the motion to restore the answer and counterclaim, defense counsel admitted *346 dilatory actions as well as procedural errors. The judge found that
* * * At all times through this matter there has been requirement to push, pull, tug, whatever is necessary to force action on the part of Defense Counsel; and even on the hearing on the summary judgment, Defense Counsel never even responded. He walked in on the morning of court and was late at that and wanted to be heard even after the matter was disposed of. It just indicates a pattern that the Courts cannot countenance.
Such conduct by an attorney warrants the imposition of sanctions by the court rather than dismissal of the pleadings. James v. Francesco, 61 N.J. 480 (1972); Paxton v. Misiuk, 34 N.J. 453 (1961); Gnapinsky v. Goldyn, 23 N.J. 243 (1957).
Judgment reversed. The cause is remanded to the Law Division with the direction that defendant's answer and counterclaim be reinstated. The matter of the imposition of sanctions is left to the sound discretion of the trial judge. No costs are to be allowed on this appeal. Fablok Mills v. Cocker Mach. Co., 125 N.J. Super. 251, 261 (App. Div. 1973), certif. den. 64 N.J. 317 (1973).