162 N.J. Super. 329 (1978)
392 A.2d 1220
ANTHONY ZACCARDI AND EUGENIA J. ZACCARDI, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
GEORGE L. BECKER, M.D., JEROME BELLET, M.D., AND ST. JOSEPH'S HOSPITAL, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 19, 1978.
Decided September 28, 1978.
*330 Before Judges HALPERN, ARD and ANTELL.
Mr. Richard E. Brennan argued the cause for appellants (Messrs. Shanley & Fisher, attorneys; Mr. Brennan and Mr. Joseph L. Cook on the brief).
Mr. Thomas J. Osborne, Jr. argued the cause for respondents (Messrs. Vaccaro, Osborne & Curran, attorneys).
The opinion of the court was delivered by HALPERN, P.J.A.D.
The narrow issue presented is whether the trial judge erred in vacating a prior order of dismissal for failure to answer interrogatories. We find that the trial judge mistakenly exercised his discretion and reverse.
*331 This is a medical malpractice suit against two doctors and a hospital.[1] The details of the surgery performed on the male plaintiff[2] in March 1974 need not be detailed. Suffice it to say, this suit was started in January 1976. On April 9, 1976 defendants served interrogatories on plaintiff. Plaintiff neither answered the interrogatories within the 60 days required by R. 4:17-4(b), nor did he move for an extension of time to do so. Thereafter, on July 28, 1976, on defendants' motion, the trial judge dismissed the complaint as authorized by R. 4:23-5(a). A copy of this order was duly served on plaintiff.
It was not until December 28, 1977 (17 months after the dismissal) that plaintiff moved to vacate the dismissal and for a 60-day extension for discovery. The primary reasons advanced for the relief sought were the lateness in the filing of the complaint and the difficulty encountered in obtaining complete hospital records and medical experts. The trial judge reluctantly granted plaintiff's motion on February 10, 1978 because he felt the client was not at fault and should have his day in court. We granted defendants leave to appeal and stayed discovery proceedings pending this appeal.
We are not unmindful that dismissal of a complaint, where severe injuries are alleged, should not be undertaken lightly because it is the most severe sanction that can be imposed. So, too, we recognize that obtaining medical experts by a plaintiff in a medical malpractice case is often difficult. However, we are duty-bound to enforce the sanction of dismissal contained in R. 4:23-5(a) if warranted by the existing circumstances in the given case. R. 4:17-4(b) gives a party 60 days within which to answer interrogatories. R. 4:23-5(a) provides that if timely answers are not served, "and no formal motion for an extension has *332 been made pursuant to R. 4:17-4(b) * * *," the complaint can be dismissed only if the party entitled to the answers files an affidavit for such dismissal within 60 days of the default. The dismissal order, if entered, must be served within seven days after its entry. Defendants complied fully with the rule provisions in obtaining a dismissal of the complaint.
R. 4:23-5(a), in its obvious desire to give a delinquent party his day in court, permits him to move to vacate the default, provided (1) he moves within 30 days after service upon him of the dismissal order to do so, (2) he furnishes fully responsive answers to the interrogatories and (3) pays $50 costs to the county clerk. Here, not only did plaintiff fail to seek the relief afforded him under R. 4:23-5(a), but also did not even seek an extension in order to comply with the time requirements of either R. 4:17-4(b) or R. 4:23-5(a).
If our discovery rules are to have any meaningful effect upon calendar control and the early disposition of litigation, they must be adhered to unless, for good cause shown, they are relaxed under R. 1:1-2. The imposition of the severe sanction of dismissal is imposed not only to penalize those whose conduct warrant it, but to deter others who may be tempted to violate the rules absent such a deterrent. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 76 S.Ct. 277, 49 L.Ed.2d 747 (1976), reh. den. 429 U.S. 874 (1976); Annotation, "Dismissal of state court action for failure or refusal of plaintiff to answer written interrogatories," 56 A.L.R.3d 1109, 1114 (1974).
We are faced here with a 17-month delay before an effort was made to seek relief. Ours is not a case of a short delay where sanctions imposed on counsel would be appropriate. See Automatic Washer Service v. Brunswick Burlington, Inc., 153 N.J. Super. 343 (App. Div. 1977). With full appreciation of the alleged problem of getting a medical expert, but also having in mind that no application *333 for an extension was even requested, we are unable to excuse this inordinate delay. Such delay of necessity is prejudicial to defendants whose alleged negligent conduct took place approximately four years prior to the application to vacate the default. To adopt any other approach, based on the facts in this case, would make a mockery of the discovery rules, render them meaningless, and be an open invitation to litigants to avoid the strictures of our procedural rules. Crews v. Garmoney, 141 N.J. Super. 93, 96 (App. Div. 1976); Schlosser v. Kragen, 111 N.J. Super. 337 (Law Div. 1970).
In summary, we find from this record that plaintiff's failure to comply with the discovery rules, or to seek relaxation therefrom, was deliberate and inexcusable, and that the trial judge went wide of the mark and mistakenly exercised his discretion in vacating the duly entered dismissal of the complaint.
Reversed.
NOTES
[1] The hospital was voluntarily dismissed as a party by plaintiff.
[2] Plaintiff's wife sued per quod, and reference herein will be to the male plaintiff only.