LASSER, P. J. T. C.
This is a motion by the defendant City of Atlantic City to vacate an Order entered by the Tax Court on May 23, 1980, striking the Answer and Counterclaim of defendant for failure to serve answers to interrogatories. The City concedes the regularity of the proceedings in connection with the entry of the Order.
On January 10, 1980 plaintiff taxpayer served interrogatories upon the City of Atlantic City. On March 21, 1980 taxpayer’s attorney wrote to the city attorney, advising him that the answers to interrogatories were overdue, the time for answer having expired on March 10, 1980. Several telephone messages to this effect were unanswered. On April 7, 1980 taxpayer’s attorney again requested answers from the city attorney and informed him that, if not received, he would move to request that the Answer of the City be stricken. There was no response by the city attorney to the taxpayer’s attorney’s letters of March 21, 1980, April 7, 1980 or April 23, 1980. There was no motion by the city attorney for an extension of time in which to answer the interrogatories. In response to an application therefor, an Order of Suppression of the Answer and Counterclaim of the defendant municipality was entered on May 23, 1980. A copy of the order was mailed to the city attorney on May 28, 1980. On June 30,1980 the city attorney asked for another copy of the interrogatories, which was transmitted to him by taxpayer’s attorney on July 1,1980. There was no communication with the Tax Court by the city attorney following the April 23, 1980 letter and submission to the court and the entry of the order on May 23, 1980.
Subsequent to the entry of the Order of Suppression, the firm of Skoloff and Wolfe was appointed special tax counsel for the purpose of representing the City in real property tax matters. Special tax counsel stated: (1) the file in this case along with other files was turned over to them in the summer of 1980; (2) *260 the unanswered interrogatories were in the file but the Order of Suppression was not in the file; (3) special tax counsel to the City was first made aware of the order in a letter from taxpayer’s attorney dated December 28, 1980 and (4) on January 20, 1981 the motion to vacate was transmitted to the Tax Court.
At the argument of the motion on February 18, 1981 special tax counsel for the City conceded the breach of compliance with the Rules, conceded its serious nature and conceded that the municipality was obliged to comply with the Rules. He urged excusable neglect by reason of the confusion consequent to the economic growth of Atlantic City and the transfer of files to special tax counsel. No other reason was offered for the failure to answer the interrogatories or to respond to taxpayer’s counsel’s correspondence or telephone messages or to communicate with the court.
Three elements must be considered for the relaxation of the Rules and the vacation of the Order of Suppression. These are, first, the conduct of the attorney from whom the answers to interrogatories are sought, second, the presence or absence of prejudice to the party seeking the answers and third, the question of public issue. Special tax counsel for the City argues that the eight month delay in seeking to vacate the order has not resulted in prejudice to the taxpayer, a point which taxpayer’s attorney concedes. Special tax counsel for the City contends that this is a case involving a public issue similar to that in Tenby Chase Apartments v. N. J. Water Co., 169 N.J.Super. 55, 404 A.2d 309 (App.Div.1979). In that case, exceptional circumstances excusing original defense counsel’s conduct, coupled with an issue of public importance relating to potability of water furnished to the public, resulted in vacation of a suppression order. In Tenby Chase the court distinguished the case of Zaccardi v. Becker, 162 N.J.Super. 329, 392 A.2d 1220 (App.Div. 1978), certif. den. 79 N.J. 464, 401 A.2d 221 (1978). In Zaccardi the motion to vacate occurred seventeen months after its entry and the conduct of counsel was found to be deliberate and inexcusable. The court there held the imposition of sanctions on counsel would be inadequate. In Tenby Chase the court found *261 that by reason of the public issue the importance of having the factual and legal issues determined in an adversary proceeding justified the relaxation of the Rules to achieve substantial justice on the merits.
Taxpayer’s attorney urged that only a denial of the City’s motion would be an adequate means of making clear that the Rules were to be complied with and would be enforced. He candidly conceded that the public confidence in attorneys would be promoted by holding the attorney, not the client, responsible for the attorney’s transgressions.
In the instant case, there is no excuse for the conduct of counsel in ignoring the written and telephonic requests of the taxpayer’s attorney. There is no excuse for the delay of eight months in moving for the vacation of the suppression order. However, even though there is no excuse for the conduct or delay, in the instant case the public interest would be better served by permitting the City to present a defense to taxpayer’s action. The time delay has not resulted in prejudice to the taxpayer, the case not having yet been scheduled for trial.
The court will enter an order vacating the Order of Suppression upon compliance with the following terms within 20 days from the date of the receipt of this opinion:
1. That full and complete answers to the interrogatories are furnished to the taxpayer’s attorney and a copy filed with the court.
2. That the attorneys for the City in this case pay out of their own funds, not to be reimbursed by the City, the sum of $1,000 to the Clerk of the Tax Court. This sum will be used by the Tax Court, first, for the payment of the $50 reinstatement fee, next, for reimbursement to taxpayer’s counsel as counsel fee, to compensate him for the time spent in his numerous efforts to communicate with the City and his time spent in the application for the order to vacate and in the preparation of the affidavit and brief in opposition to this motion, and the balance, if any, shall be retained by the Clerk of the Tax Court for the benefit of the State of New Jersey. See Automatic Washer *262 Service, Inc. v. Brunswick Burlington, Inc., 153 N.J.Super. 343, 379 A.2d 857 (App.Div.1977). The attorney for the taxpayer shall submit an affidavit of services to the Clerk of the Tax Court. If there is a disagreement between the city attorney and the special tax counsel as to sharing of the obligation to pay, application shall, be made to the court for a determination as to such payment. In the event taxpayer’s attorney refuses to accept payment of the counsel fee, the total sum of $1,000 shall be retained by the Clerk of this court.
Special tax counsel for the City will submit an appropriate order in accordance with the Rules.