**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.a

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3129-19

DISTINCT ENGINEERING
SOLUTIONS, INC.,

     Plaintiff-Respondent,

v.

ICON GENERAL
CONSTRUCTION, LLC,

     Defendant-Appellant.

_____

     Submitted February 3, 2021 – Decided March 1, 2021

     Before Judges Accurso and Vernoia.

     On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-4003-18.

     Levine Law Firm, LLC, attorneys for appellant (Kenneth T. Gallo, on the brief).

     Respondent has not filed a brief.

PER CURIAM

Defendant Icon General Construction, LLC appeals from a January 13, 2020 order striking its answer and entering default against it because it failed to comply with a November 15, 2019 order relieving its attorney and directing it to retain new counsel within fifteen days. Defendant also appeals from a January 14, 2020 order entering a default judgment against it and a February 28, 2020 order denying its motion to vacate the default judgment. Having reviewed the record and applicable legal principles, we vacate the challenged orders and remand for reinstatement of defendant's answer and further proceedings.

In its complaint, plaintiff Distinct Engineering Solutions, Inc. alleged defendant failed to pay for licensed site remediation professional services it provided defendant.[1] Plaintiff asserted a $23,252.76 book account claim, and claims for unjust enrichment and breach of contract. Defendant filed an answer generally denying the allegations and asserting affirmative defenses. The parties engaged in discovery, and in October 2019 the court scheduled the matter for a January 2020 arbitration.

By November 2019, defendant claimed it could no longer afford to pay its counsel, who moved to be relieved due to nonpayment of his fees. In a

---

[1] We summarize the allegations in plaintiff's amended complaint. The original complaint is not included in the appellate record.

November 15, 2019 order, the court granted counsel's motion and ordered defendant to retain new counsel within fifteen days.

Defendant did not retain new counsel within fifteen days. Plaintiff then moved to strike defendant's answer with prejudice and for entry of default based on defendant's failure to retain new counsel within the fifteen-day deadline. On January 13, 2020, the court granted plaintiff's motion, struck defendant's answer with prejudice, and entered default against defendant. The following day, January 14, 2020, the Clerk of the Superior Court entered a $23,252.76 default judgment against defendant.

A few weeks later, defendant moved to vacate the default judgment. In his supporting certification, defendant's managing member explained that following entry of the November 15, 2019 order, he unsuccessfully attempted to collect funds due from defendant's clients. He sought the funds to enable defendant to retain new counsel. He further explained he is defendant's sole member, and, in January 2020, he had a family emergency which necessitated he travel to India from January 9 to January 19, 2020. During the time he was away, there was no one present to address the retention of counsel on defendant's behalf. While he was away, the court entered the default judgment against defendant.

A-3129-19

When he returned from India, however, the managing member had funds to pay defendant's prior counsel, who agreed to file a motion to vacate the default judgment and resume his representation of defendant in the litigation. The managing member also stated defendant has a meritorious defense to plaintiff's claims; he provided an email from plaintiff to defendant in which plaintiff admitted it owed a substantial amount of money to defendant.

The court denied defendant's motion to vacate the default judgment. The court's order stated defendant was directed to obtain new counsel after its counsel was relieved, and defendant did not obtain new counsel. The order noted defendant did not oppose plaintiff's motion to strike its answer. The court further stated, "Now counsel who was relieved wants to vacate. There are games being played." Defendant appeals from the court's orders denying its motion to vacate default, striking its answer with prejudice and entering default, and entering default judgment.

We first consider the January 13, 2020 order striking defendant's answer with prejudice and entering default. The order was entered based on defendant's failure to comply with the November 15, 2019 order requiring that defendant retain new counsel within fifteen days.

Rule 4:43-1 governs the entry of default and, in pertinent, part provides:

A-3129-19

> If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or court order, or if the answer has been stricken with prejudice, the clerk shall enter a default on the docket as to such party.

[R. 4:43-1.]

"The basis for the entry of default under this rule is the litigant's failure to participate in the litigation[ ]by failing 'to plead or otherwise defend,'" N.J. Div. of Youth & Fam. Servs. v. M.G., 427 N.J. Super. 154, 168 (App. Div. 2012) (quoting R. 4:43-1). The Rule "is fairly read to authorize default only when the . . . order in question concerns the party's obligation to defend." Id. at 169.

The court's November 15, 2019 order directly concerned defendant's obligation to defend in the litigation. Defendant is a limited liability company. It cannot defend itself in the ongoing litigation unless it is represented by counsel. See R. 1:21-1(c) (prohibiting "an entity, however formed and for whatever purpose, other than a sole proprietorship" from appearing or filing "any paper in any action . . . except through an attorney authorized to practice in this State"). As a result, the November 15, 2019 order directly concerned defendant's obligation to defend in the litigation because absent its retention of counsel, defendant could not participate in the litigation and defend itself against plaintiff's claims.

Defendant's failure to retain counsel within fifteen days of the November 15, 2019 order did not require the striking of its answer and the entry of default. The Supreme Court has explained that where a plaintiff violates a court order, the assessment of the appropriate sanction requires consideration of "a number of factors, including whether the plaintiff acted willfully and whether the defendant suffered harm, and if so, to what degree." Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005). Dismissal of a complaint with prejudice as a sanction for a plaintiff's violation of a court order "is a drastic remedy, [that] should be invoked sparingly, such as when the plaintiff's violation of a rule or order evinces 'a deliberate and contumacious disregard of the court's authority.'" Ibid. (quoting Kosmowski v. Atl. City Med. Ctr., 175 N.J. 568, 575 (2003)). In determining the sanction that should be imposed for violation of a court's order, the prejudice suffered by the party opposing the motion "also must enter into the calculus" if "the vindication of the court's authority standing alone is not at issue." Id. at 116. In all cases, "the sanctions imposed for . . . non-compliance must be 'just and reasonable in the circumstances,'" M.G., 427 N.J. Super. at 170 (quoting Il Grande v. DiBenedetto, 366 N.J. Super. 597, 621 (App. Div. 2004)), and "[t]he 'overriding objective' remains to allow 'the defaulting party his [or her] day in court,'" id. at 171 (quoting Il Grande, 366 N.J. Super. at 622).

6

The same principles apply to a court's determination of sanctions for a defendant's failure to comply with a court order. See id. at 170-71. The striking of a defendant's answer with prejudice and the entry of default is no less drastic a remedy than the dismissal with prejudice of a plaintiff's complaint. Those remedies necessarily deprive a defendant of its day in court.

Defendant could not file opposition to the motion to strike its answer and enter default because it was without counsel, and its efforts to obtain the funds to retain counsel in the weeks following entry of the November 15, 2019 order were unsuccessful. See R. 1:21-1(c). Defendant's failure to oppose the motion does not mean plaintiff was entitled to the requested relief. "[A]n unopposed motion will not be granted unless the court is satisfied that the legal standards for granting the motion have been met." Black United Fund of N.J., Inc. v. City of E. Orange, 17 N.J. Tax 446, 448 (Tax 1998). The court granted the motion without making any findings of fact or conclusions of law, and our review of the record on appeal does not support a determination defendant deliberately or contumaciously violated the November 15, 2019 order or disregarded the court's authority. See Gonzalez, 185 N.J. at 115.

Defendant's mere failure to comply with the fifteen-day deadline alone did not establish a sufficiently deliberate defiance of the court's order warranting

the striking of defendant's answer with prejudice.[2]  Absent evidence defendant

acted willfully, deliberately, or contumaciously in failing to retain counsel

within the fifteen days allotted by the court, we discern no basis for the court's

invocation of the drastic remedy of striking defendant's answer with prejudice

and entering default.  See, e.g., Kosmowski, 175 N.J. at 575; see also Abtrax

Pharms., Inc. v. Elkins-Sinn, Inc., 139 N.J. 499, 514 (1995) (explaining the

determination of a sanction for the violation of a court order requires

consideration of whether the violation is willful).  Moreover, the record is bereft

of any evidence plaintiff suffered any prejudice by defendant's failure to retain

---

[2]  We acknowledge a plaintiff is entitled to a timely disposition of its claims and a defendant's inability to retain counsel should not be permitted to unreasonably delay the prosecution of a plaintiff's case.  See, e.g., Zaccardi v. Becker, 88 N.J. 245, 252 (1982) (explaining a motion to dismiss a complaint for violation of a rule or order presents a conflict between a defendant's right to require the plaintiff's compliance with the rules and the plaintiff's right to a disposition on the merits).  There may be circumstances where a court may properly strike a defendant's answer in response to a failure to comply with an order directing the defendant to timely retain the counsel necessary to defend a matter.  Here, however, the parties actively litigated the case for many months; defendant's counsel was relieved on November 15, 2019; the court provided only fifteen days for the retention of new counsel; and defendant could not file any papers with the court to either request an extension of time to obtain counsel or oppose plaintiff's motion to strike defendant's answer and to enter default because defendant was without counsel during the weeks following the expiration of the fifteen-day period.  Under the circumstances presented, and because there is no evidence defendant's failure to comply with the order was either deliberate or contumacious, the court abused its discretion by striking defendant's answer with prejudice.

new counsel within the fifteen days allowed by the November 15, 2019 order. See Gonzalez, 185 N.J. at 116.

Dismissal of a complaint or the striking of an answer with prejudice as a sanction for a violation of a court rule or order "is imposed not only to penalize those whose conduct warrant it, but to deter others who [might] be tempted to violate the rules absent such a deterrent." Zaccardi v. Becker, 162 N.J. Super. 329, 332 (App. Div. 1978). The record does not support a finding of a need for deterrence here because there is no evidence defendant violated the order in a manner requiring deterrence. To the contrary, defendant was simply unsuccessful in its attempt to gather the necessary funds to retain new counsel within the fifteen days allotted by the court.

We are convinced the court abused its discretion by striking defendant's answer with prejudice and entering default. See Abtrax Pharms., 139 N.J. at 517 (explaining orders dismissing pleadings as a sanction for violating a rule or an order are reviewed for an abuse of discretion). The record presented on appeal does not support the court's determination those sanctions were warranted based on defendant's failure to obtain new counsel within the fifteen-day deadline. See Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (finding an abuse of discretion "arises when a decision is 'made without a

rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis'" (citation omitted)). We therefore reverse the court's January 13, 2020 order, and, because that order established the basis for the January 14, 2020 default judgment, we reverse the judgment as well.

Even if the court had correctly entered the January 13 and 14, 2020 orders, we would otherwise reverse because the court erred by denying defendant's motion to vacate the default judgment. "A motion to [vacate] a default judgment will not be granted unless the movant shows the failure to appear or defend was excusable and that there is a meritorious defense." M.G., 427 N.J. Super. at 171 (citing Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964)); see also R. 4:50-1(a). Such motions are "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." Marder, 84 N.J. Super. at 319.

Defendant's motion to vacate the default judgment was supported by defendant's assertion of a meritorious defense. The complaint alleges defendant is indebted to plaintiff in the amount of $23,252.76, and, in support of its motion to vacate the default judgment, defendant submitted an email from plaintiff stating it owed defendant $20,769.87. The email supports a defense that defendant is not indebted to plaintiff for the amount alleged in the complaint.

10

Defendant demonstrated its failure to comply with the court's order was excusable. Defendant's managing member explained he attempted to collect monies due from defendant's clients to fund the retention of new counsel within the fifteen-day deadline, but his efforts were unsuccessful. There is no evidence either defendant or its managing member was neglectful. Defendant simply did not have the funds to retain new counsel until the managing member returned from India, and defendant thereafter promptly retained its prior counsel, who promptly filed a motion to vacate the default judgment. Under these circumstances, and giving defendant "every reasonable ground for indulgence," ibid., we find the short delay in defendant's retention of new counsel following the expiration of the fifteen-day period, which led to the entry of the default and default judgment, was excusable.

We also find no basis in the record supporting the court's terse statement of reasons denying defendant's motion to vacate the default judgment. The court's conclusory finding "[t]here are games being played" is untethered to any findings of fact, see R. 1:7-4, and is not supported by the record. The court's determination lacks a rational explanation and rests on an impermissible basis—an unsupported finding that purported games were being played—and therefore constitutes an abuse of discretion. See Flagg, 171 N.J. at 571; see also U.S.

Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (explaining a court's decision on a motion to vacate a default judgment is reviewed for an abuse of discretion).

Reversed and remanded for reinstatement of defendant's answer and further proceedings on plaintiff's complaint. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3129-19