**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1742-17T4

ESTATE OF CATHERINE KAY
BOBAL, deceased, and GAIL
E. BOBAL,

     Plaintiffs-Appellants,

v.

JFK MEDICAL CENTER,
WOODBRIDGE MEDICAL
ASSOCIATES, P.A., MARY T.
O'DONNELL, DR. LAUREN
MAZA, DR. LOUIS FRIEDMAN,
and DR. SETH WEBBER,
Individuals,

     Defendants-Respondents.
_____

ESTATE OF CATHERINE KAY
BOBAL, deceased, and GAIL
E. BOBAL,

     Plaintiffs-Appellants,

v.

JFK MEDICAL CENTER, DR. JUSTIN
PI, M.D., DR. RAMAMURTHY

BANGALORE, M.D., and MEDICAL
CARE ASSOCIATES, LLC,

Defendants-Respondents.

_____

Submitted March 6, 2019 – Decided July 29, 2019

Before Judges Vernoia and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket Nos. L-7764-13 and L-1012-14.

Gail E. Bobal, appellant pro se.

Vasios, Kelly & Strollo, PA, attorneys for respondents Ramamurthy Bangalore, M.D., and Medical Care Associates, LLC (Maura Waters Brady, of counsel; Douglas M. Singleterry, on the briefs).

Lenox, Socey, Formidoni, Giordano, Cooley, Lang & Casey, LLC, attorneys for respondents Woodbridge Medical Associates, Dr. Mary T. O'Donnell, Dr. Lauren Maza, Dr. Louis Friedman and Dr. Seth Webber (Jeremy P. Cooley and Christina M. Matteo, on the briefs).

Garson & Jakub, LLP, attorneys for respondents JFK Medical Center and Justin Pi, M.D. (Janet Glore, on the briefs).

PER CURIAM

In these consolidated medical malpractice cases, plaintiff Gail Bobal, individually and in her capacity as executrix of Catherine Kay Bobal's estate,

appeals from the court's October 27, 2017 orders granting motions for summary judgment by defendants JFK Medical Center, Woodbridge Medical Associates, PA, Medical Care Associates, LLC, and Drs. Mary O'Donnell, Lauren Maza, Louis Friedman, Seth Webber, Justin Pi, and Ramamurthy Bangalore, dismissing the complaint for plaintiff's failure to submit an expert medical opinion. We affirm.

I.

Because we consider the court's orders granting summary judgment, we detail the undisputed facts before the motion court and consider those facts in the light most favorable to plaintiff, the party opposing defendants' motions for summary judgment. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Defendants' respective statements of uncontested material facts were limited to a description of the procedural history of the case because defendants' summary judgment motions were founded on plaintiff's failure to comply with discovery orders requiring that she provide an expert opinion supporting her medical malpractice claims. Plaintiff failed to properly respond

3

to the statements of material facts in accordance with Rule 4:46-2(b) and we therefore accept defendants' statements as true.[1]

Plaintiff's mother, Catherine Kay Bobal, died on February 19, 2012. On December 5, 2013, plaintiff filed a complaint under docket number MID-L-7764-13 against JFK Medical Center, Woodbridge Medical Associates, and Drs. O'Donnell, Maza, Friedman, and Webber alleging they "did not exercise the skill, knowledge, or degree of care ordinarily exercised by others in the medical profession" when her mother was hospitalized in December 2011 at JFK Medical Center for what plaintiff alleged was an adverse reaction to azithromycin.[2]

On February 18, 2014, plaintiff filed a second complaint[3] under docket number MID-L-1012-14 against JFK Medical Center, Woodbridge Medical Associates, and Drs. Pi and Bangalore alleging they had "a duty on their part to

---

[1] Plaintiff submitted a certification in opposition to defendants' motions, but she did not directly address or refute, as required by Rule 4:46-2(b), the "material facts" included in defendants' statements of uncontested material facts.

[2] Plaintiff later filed an amended complaint, correcting a typographical error. Although the amended complaint is the operative pleading in MID-L-7764-13 for the disposition of defendants' summary judgment motions, we refer to it as the "complaint."

[3] Plaintiff amended this complaint in September 2014 to add Medical Care Associates, LLC, as a defendant. We refer to the amended complaint in MID-L-1012-14 as the "second complaint."

exercise [a] degree of care and skill," and they "failed to fulfill their duty" when plaintiff's mother died due to what plaintiff alleged was these defendants' failure to timely administer a "therapeutic bronchoscopy" while plaintiff's mother was hospitalized at JFK Medical Center in February 2012.

On April 25, 2015, the complaints were consolidated. On August 2, 2016, following numerous discovery requests by the parties, Judge Jamie D. Happas entered a case management order allowing plaintiff to serve additional written discovery requests by August 15, 2016, providing that plaintiff's deposition "shall be concluded" by October 15, 2016, and requiring that plaintiff serve "medical expert reports by" January 15, 2017. The order established a discovery end date of March 20, 2017, and an April 10, 2017 trial date.

Following entry of the order, plaintiff served 153 supplemental interrogatories on defendants, who subsequently objected to many of them. Plaintiff refused to appear for her deposition until defendants responded to her outstanding discovery requests. Defendants moved to dismiss plaintiff's complaint with prejudice because of her refusal to be deposed, and plaintiff cross-moved to compel discovery and extend the discovery end date. On December 30, 2016, Judge Phillip Lewis Paley entered an order on the cross-motion denying plaintiff's requests for production of portions of certain

5

defendants' phone records, ordering that plaintiff's deposition be taken "prior to February 10, 2017," and providing that defendants had fifteen days from plaintiff's deposition to answer interrogatories detailed in the order. The judge denied defendants' motion to dismiss the complaint and plaintiff's motion to extend the discovery end date. Plaintiff did not request, and the judge did not grant, relief from Judge Happas's August 2, 2016 order requiring that plaintiff serve medical expert reports by January 15, 2017.

Plaintiff filed a motion for reconsideration of the court's December 30 order. On February 15, 2017, plaintiff's deposition was taken.[4] In a February 27, 2017 order, Judge Paley granted plaintiff's motion for reconsideration in part and ordered that defendants provide more specific answers to certain supplemental interrogatories by April 5, 2017. Plaintiff did not request relief from Judge Happas's August 2, 2016 order requiring service of medical expert reports by January 15, 2017. Judge Paley extended discovery until May 15, 2017, but his order did not alter the scheduled April 10, 2017 trial date or extend the time for the provision of plaintiff's expert reports beyond the January 15, 2017 deadline that had been imposed by Judge Happas.

---

[4] A transcript of plaintiff's deposition was not provided in the record on appeal.

On April 4, 2017, plaintiff filed motions for leave to appeal the court's December 30 and February 27 orders with the Appellate Division. While those motions were pending, the case was administratively dismissed without prejudice in the Law Division on April 11, 2017, because "plaintiff failed to appear for [an April 10, 2017] trial call." Plaintiff was the only party provided with notice of the administrative dismissal. The Appellate Division denied plaintiff's motions for leave to appeal on April 28, 2017.

Based on a letter from counsel requesting additional time for completion of discovery, the court issued a May 30, 2017 case management order requiring that plaintiff submit her medical expert's report by July 21, 2017, and providing that a trial date would "be assigned . . . in early October 2017." The order further stated that any "dispositive/summary judgment motions shall be filed by August 21, 2017." Plaintiff received the order, but did not object, oppose or challenge it.

Plaintiff moved to reinstate the complaints, and the court granted the request on August 18, 2017. Defendants subsequently moved for summary judgment because plaintiff failed to provide a medical expert report by July 21, 2017, as required by the May 30, 2017 order. Plaintiff opposed defendants'

motions, arguing the court did not have jurisdiction to issue the May 30 order because the complaints had been administratively dismissed on April 11, 2017.

During oral argument on defendants' motions, plaintiff claimed she would not and could not obtain an expert report because she had been wrongfully denied discovery essential to such a report as a result of the December 30, 2016 and February 27, 2017 discovery orders which, in part, denied her requests for discovery. Judge Happas asked plaintiff if she would obtain an expert report if the court granted her additional time to do so but plaintiff made clear to the court that she would not, asserting she could not obtain an expert report without the discovery denied to her in the December 30 and February 27 orders.

Judge Happas rejected plaintiff's request that she reconsider the two orders that had been entered by Judge Paley, noting that plaintiff could challenge the orders in the Appellate Division. The court rejected plaintiff's argument that her failure to provide the expert reports in accordance with the May 30, 2017 order could not support dismissal of the complaints because the order was entered after the administrative dismissals; Judge Happas explained that "even if one were to assume that—that [plaintiff] is correct . . . and she thought that the matter was dismissed and as a result had additional time to get an expert, that wouldn't help . . . because" plaintiff claimed she was unable to obtain expert

reports without the discovery that she asserted she was wrongfully denied in the December 30 and February 27 orders.

Judge Happas found plaintiff would not provide an expert report even if afforded additional time to do so and granted defendants summary judgment because expert testimony was essential to sustain plaintiff's medical malpractice claims. Judge Happas issued orders granting defendants summary judgment. This appeal followed.

II.

We note at the outset plaintiff appeals only from the October 27, 2017 orders granting defendants' motions for summary judgment. They are the only orders listed in plaintiff's notice of appeal. R. 2:5-1(e)(3)(i). The December 30, 2016 and February 27, 2017 orders denying her discovery requests are not listed in her notice of appeal and are therefore not properly before us for appellate review. Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 461-62 (App. Div. 2002); see also Current N.J. Court Rules, Pressler & Verniero, cmt. 6.1 on R. 2:5-1 (2019) ("[I]t is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review."). Thus, we address only the October 27, 2017 orders.

Our review of orders granting a party's motion for summary judgment "is premised on the same standard that governs the motion judge's determination." RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 471 (2018). That is, we view the evidence in the light most favorable to the non-moving party to determine whether there exist genuine disputes of material fact. Petro-Lubricant Testing Labs., Inc. v. Adelman, 233 N.J. 236, 256 (2018); see also Brill, 142 N.J. at 540. Provided there are no genuine disputes of material fact, we review issues of law de novo. Kaye v. Rosefielde, 223 N.J. 218, 229 (2015).

We find there are no disputes of material fact presented by the parties, and therefore we consider the issues of law de novo. Ibid. "To establish a prima facie case of negligence in a medical-malpractice action, a plaintiff must present expert testimony establishing (1) the applicable standard of care, (2) a deviation from that standard of care, and (3) that the deviation proximately caused the injury." Gonzalez v. Silver, 407 N.J. Super. 576, 586 (App. Div. 2009) (emphasis added). "The general rule in malpractice cases is that 'evidence of a deviation from accepted medical standards must be provided by competent and qualified physicians.'" Estate of Chin v. St. Barnabas Med. Ctr., 160 N.J. 454, 469 (1999) (quoting Schueler v. Strelinger, 43 N.J. 330, 345 (1964)); see also

N.J.S.A. 2A:53A-41 (establishing the "[r]equirements for person giving expert testimony" in "an action alleging medical malpractice").

An exception to this rule is the common knowledge doctrine. "The basic postulate for the application of the common knowledge doctrine in a malpractice action 'is that the issue of negligence is not related to technical matter[s] peculiarly within the knowledge of the licensed practitioner.'" Rosenberg v. Cahill, 99 N.J. 318, 325 (1985) (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 142 (1961)). In other words, the doctrine is most appropriate "where the carelessness of the defendant is readily apparent to anyone of average intelligence and ordinary experience." Ibid.; see, e.g., Estate of Chin, 160 N.J. at 470-71 (applying the common knowledge doctrine where the "incorrect hook-up of the hysteroscope . . . introduced gas into [the decedent's] uterus and bloodstream"); see also Steinke v. Bell, 32 N.J. Super. 67, 70 (App. Div. 1954) (applying common knowledge doctrine where a dentist extracted the wrong tooth).

Here, plaintiff's complaints assert causes of action for medical malpractice against defendants.[5] See Gonzalez, 407 N.J. Super. at 586. We reject plaintiff's

_____

[5] Plaintiff's second complaint includes a claim for reimbursement of an alleged duplicate payment of $245.47 for services provided to her mother. Plaintiff does not argue on appeal that the court's grant of summary judgment dismissing that claim was in error. We therefore do not address it. See Drinker Biddle & Reath

argument that the common knowledge doctrine renders an expert unnecessary under the circumstances presented. Plaintiff alleged defendants failed to (1) properly identify her mother's adverse reaction to azithromycin, (2) authorize "a therapeutic bronchoscopy," and (3) otherwise breached a duty to provide reasonable medical care to her mother and, as result, caused her mother's death. Whether defendants breached a duty of care based on these allegations is related "to technical matter[s] peculiarly within the knowledge of [a] licensed practitioner," Rosenberg, 99 N.J. at 325 (citation omitted), and therefore plaintiff was required to provide an expert opinion to support her cause of action, Estate of Chin, 160 N.J. at 469. Plaintiff failed to provide an expert report in this case, and therefore summary judgment was properly granted in favor of defendants. See Kelly v. Berlin, 300 N.J. Super. 256, 267-68 (App. Div. 1997) (holding involuntary dismissal of the plaintiff's medical malpractice suit was proper because the plaintiff failed to support his cause of action with an expert report).

We are also unpersuaded by plaintiff's claim that the court erred by granting defendants summary judgment based on her failure to submit an expert

LLP v. N.J. Dept. of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011); Liebling v. Garden State Indem., 337 N.J. Super. 447, 465-66 (App. Div. 2001).

report by July 21, 2017, because the May 30, 2017 case management order establishing that deadline was entered after the case had been administratively dismissed. As Judge Happas aptly explained, even if the May 30, 2017 order was deemed ineffective as establishing the deadline for the provision of expert reports, plaintiff nonetheless represented that she could not, and would not, obtain or provide expert reports because she had been deprived of discovery to which she believed she was entitled. Thus, the May 30, 2017 order was irrelevant; Judge Happas granted summary judgment because the case was more than three-and-a-half years old and plaintiff represented that she would not obtain the expert reports that were essential to her claims, even if given additional time to do so.

Moreover, even assuming plaintiff was not required to comply with the court's May 30 order, when her complaints were reinstated on August 18, 2017, "the action revert[ed] to the status of the complaint[s] as [they] existed at the time the dismissal was entered." J. Roberts & Son, Inc. v. Hillcrest Mem'l Co., 363 N.J. Super. 485, 491 (App. Div. 2003). At the time the dismissal was entered on April 11, 2017, the operative discovery order concerning the provision of expert reports was Judge Happas's August 2, 2016 case management order, which directed that plaintiff supply expert reports by

13

January 15, 2017. Therefore, at the time the case was administratively dismissed, plaintiff had already missed the deadline to serve expert reports and never requested or obtained an order extending the time to provide expert reports beyond January 15, 2017. Thus, when the case was reinstated on August 18, 2017, and the resulting status of the case reverted to that which existed on April 11, ibid., plaintiff was already delinquent in the provision of expert reports, even without regard to the May 30 order.

In any event, when the summary judgment motions were argued before Judge Happas plaintiff had failed to supply an expert report during the more than three-and-a-half years of discovery and, although the judge offered plaintiff an additional sixty days to retain an expert and submit that expert's report, see, e.g., Tucci v. Tropicana Casino & Resort, Inc., 364 N.J. Super. 48, 52 (App. Div. 2003) (discussing that courts are "particularly indulgent" in allowing the submission of late expert reports "where the report [is] critical to the claim or defense"), plaintiff represented that she could not and would not provide an expert's report. Judge Happas correctly determined plaintiff's failure to produce an expert's report is fatal to her claims. See Kelly, 300 N.J. Super. at 267-68.

We have considered plaintiff's remaining arguments and find they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION