BOARD OF EDUCATION OF THE TOWNSHIP OF WEST MILFORD, PLAINTIFF, v. ROCKWELL MANUFACTURING COMPANY (POWER TOOL DIV.), DEFENDANT.

Superior Court of New Jersey
Law Division—Passaic County

Decided March 12, 1980.

*Edward C. McHugh* for plaintiff (*Robert F. Colquhoun*, attorney).

*Robert C. Pollock, Jr.* for defendant.

JOELSON, A. J. S. C.

This is a motion to dismiss a complaint. The facts are not in dispute. It appears that an identical complaint was dismissed for failure to answer interrogatories on March 27, 1979 pursuant

to *R.* 4:23–5(a). Thereafter, on December 21, 1979 plaintiff filed a new complaint within the statute of limitations, which was the same as the complaint which had previously been dismissed.

Defendant contends that to allow plaintiff to proceed with the second complaint would be tantamount to permitting a circumvention of *R.* 4:23–5(a), which provides that when a complaint has been dismissed for failure to answer interrogatories, the delinquent party may move to vacate the dismissal "within 30 days after service upon him of the order [of dismissal]," provided the interrogatories have been answered fully. Plaintiff, on the other hand, relies on *R.* 4:37–2(a), which provides that an involuntary dismissal for failure to comply with rules of the court "shall be without prejudice unless otherwise specified in the order." Plaintiff further argues that the purpose of *R.* 4:23–5(a) is to protect a party from having to go to trial without adequate discovery, but that since an order based on *R.* 4:23–5(a) is not a final judgment on the merits, there is nothing to prevent a plaintiff from filing a new complaint within the statute of limitations.

There is *dictum* in two reported cases which suggests that the course of action followed by plaintiff is permissible. In *Schlosser v. Kragen*, 111 *N.J.Super.* 337 (Law Div.1970), the court refused to restore a complaint that had been dismissed for failure to answer interrogatories, noting that since plaintiff was an infant, he "could not have been prejudiced by the statute of limitations." In *Crews v. Garmoney*, 141 *N.J.Super.* 93 (App. Div.1976), the court, in upholding a trial judge who had refused to vacate an order of dismissal for failure to answer interrogatories, stated that "there is a general disinclination to invoke the ultimate sanction of dismissal where the statute of limitation has run." Both of these cases imply that a prior dismissal for failure to answer interrogatories is not a bar to the institution of a new complaint, but there appears to be no case squarely on the issue.

The court is sympathetic to the argument of defendant that R. 4:23–5(a) should be interpreted to protect a defendant from a subsequent lawsuit by a plaintiff who has failed to act within the period of 30 days provided by that rule. However, depriving a party of his day in court is such a drastic step that the court is loath to do so by reason of an alleged implication in a rule as opposed to a clear and definite provision. This is especially compelling in view of R. 4:37–2(a), which designates a dismissal for failure to comply with a court rule as being without prejudice.

If the court were of the opinion that plaintiff filed the second action in order to harass defendant, the result might well be different. Certainly a plaintiff should not be permitted for no good reason to institute a series of as many actions as he might wish until the expiration of the statute of limitations. However, there is no indication of harassment in this matter. At oral argument, in response to a question of the court, plaintiff's counsel stated that the interrogatories had not been answered in the initial case because of difficulty in obtaining the necessary information from his client in a complicated matter.

The motion will be denied. However, the court will entertain a subsequent motion by defendant to require plaintiff to pay whatever additional counsel fees or filing fees defendant has incurred by reason of the second complaint being filed. The court does not here commit itself to ordering such payments, but will give such a motion careful consideration.