233 N.J. Super. 263 (1989)
558 A.2d 851
MARGARETE S. MASON AND DAVID A. MASON, PLAINTIFFS-APPELLANTS,
v.
NABISCO BRANDS, INC., A-L SERVICES, INC., ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 28, 1989.
Decided May 19, 1989.
*265 Before Judges LONG, MUIR, Jr. and KEEFE.
Cozzarelli, Mautone & Nardachone, attorneys for appellant (Geraldine O. Livengood, on the brief).
Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys for respondents (Robert John Aste, on the brief).
The opinion of the court was delivered by KEEFE, J.S.C. (temporarily assigned).
The issue to be decided on this appeal is whether a reinstated complaint, previously dismissed by the court pursuant to R. 1:13-7(a) (dismissal of inactive cases), is subject to the defense of the statute of limitations when the defense could not have been asserted prior to the dismissal. The trial judge held that it was and dismissed the complaint. The plaintiffs appeal and we reverse.
Plaintiffs Margarete S. Mason and David A. Mason filed a complaint against defendant Nabisco Brands, Inc. (Nabisco) and four fictitiously named defendants, claiming that all defendants were liable for injuries sustained by Margarete S. Mason when she was caused to fall on an accumulation of snow and/or ice in the parking lot of premises at 195 DeForest Avenue in East Hanover, New Jersey. The accident was alleged to have taken place on March 14, 1984, and the complaint was filed on March 14, 1986. Plaintiffs' counsel did not issue a summons within ten days as required by R. 4:4-1. Because the file remained inactive for six months, the clerk of the court listed the matter for dismissal under R. 1:13-7(a). Plaintiffs' counsel failed to file an affidavit opposing the dismissal, as permitted by the rule, resulting in a dismissal order being entered on January 31, 1987. The dismissal was "without prejudice." R. 1:13-7(a).
By motion dated January 12, 1988 and made returnable on February 5, 1988, plaintiffs moved to vacate the order of dismissal and to reinstate the complaint to the active trial calendar. The motion was supported by the certification of *266 plaintiffs' counsel. Counsel explained that the case had previously been handled by a partner in the firm who was suffering from severe alcohol addiction and had required inpatient treatment in October, 1987. The certification explained that, after the attorney's illness became known, it was learned that several files he had been handling "were in various stages of disarray and some Complaints had, in fact, been dismissed for various reasons of inattention." On February 5, 1988, the motion judge entered an order vacating the January 31, 1987 order of dismissal and ordered the restoration of the complaint to the trial list, subject to counsel's payment of a fifty dollar fine to the Clerk of the Superior Court. On February 10, 1988, a summons was issued to Nabisco and sent to the sheriff of Morris County for service. Nabisco was served on February 29, 1988 and filed an answer on April 20, 1988. The answer raised the defense that the summons was not issued pursuant to R. 4:4-1 and that it was barred by laches. Nabisco did not raise the defense of the statute of limitations. The answer also contained a cross-claim against A-L Services Inc, (A-L) seeking indemnification and/or contribution from it based on A-L's contract with Nabisco for snow and ice removal services. On the same date, Nabisco filed a motion seeking a dismissal of plaintiffs' complaint for failure to comply with R. 4:4-1. On May 16, 1988, plaintiff filed an amended complaint naming A-L in the place of one of the fictitiously named defendant corporations. However, an answer on behalf of A-L was not filed until on or about July 13, 1988. A-L's answer contained a statute of limitations defense. However, A-L Services did not join in Nabisco's motion or file its own motion.
Oral argument on Nabisco's motion was heard on June 10, 1988. The trial judge, sua sponte, raised the issue of the statute of limitations as a bar to the reinstatement of the complaint, asked the parties to brief the issue, and rescheduled oral argument. Nabisco did not move to amend its answer to assert the defense of the statute of limitations. On the rescheduled motion day, the judge denied Nabisco's motion to *267 dismiss the complaint for failure to issue the summons within ten days because the judge found no prejudice to Nabisco resulting from the delay. However, the judge vacated the order of February 5, 1988 restoring the complaint to the trial calendar and ordered its dismissal pursuant to the statute of limitations, N.J.S.A. 2A:14-2.[1] Because the July 19, 1988 order had the effect of never having plaintiffs' complaint restored, A-L received the benefit of the judgment. Both Nabisco and A-L are represented by the same counsel on appeal. Therefore, they shall be referred to hereinafter collectively as the defendants.
R. 1:13-7 is an administrative rule designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion. Often notice to the attorney of the court's intention to dismiss the action will serve to stimulate a renewed interest in the case. The problem which generates the notice is usually resolved and the case is not dismissed. When the notice does not have that salutary affect, the case is dismissed. However, the rule provides that "[u]nless otherwise ordered by the court, a dismissal under this rule shall be without prejudice." It is therefore important to determine what the words "without prejudice" mean in the context of the rule.
Typically, "without prejudice" means that there has been no adjudication on the merits of the claim and that a subsequent complaint alleging the same cause of action will not be barred simply by reason of its prior dismissal. Melhame v. *268 Borough of Demarest, 174 N.J. Super. 28, 30-31 (App.Div. 1980). Thus, where a plaintiff institutes one action and voluntarily dismisses it without prejudice, a second action may be commenced without fear that the prior dismissal will be construed as an adjudication on the merits of the claim. R. 4:37-1(a). However, the defendant in the second suit is free to assert whatever defenses are available, including the statute of limitations. See, Crispin v. Volkswagenwerk A.G., 96 N.J. 336, 358 (1984) (dissenting opinion); Kelleher v. Lozzi, 7 N.J. 17, 26-27 (1951).
The rule is different where the plaintiff voluntarily dismisses an action and for good cause is permitted to reinstate the original complaint. In such cases the defendant does not acquire a statute of limitations defense when the action is reinstated after the statute of limitations has run. The reason given is that "the action will ... revert to the pleadings in the status prevailing at the time of and just before the dismissal." Miller v. Estate of Kahn, 140 N.J. Super. 177, 182 (App.Div. 1976).
The principle is best exemplified by the practice followed under R. 4:23-5(a). When the rule is used against a plaintiff it specifically provides for the dismissal of the complaint and the reinstatement of the same complaint upon plaintiff satisfying certain conditions. Clearly, reinstatement of a complaint dismissed under this rule, even after the applicable statute of limitations has run, does not give rise to a statute of limitations defense that did not exist before the dismissal. It is in recognition of the principle that the filing of a new complaint may implicate the statute of limitations that courts have been loathe to deny a motion to reinstate a complaint dismissed under R. 4:23-5(a) when lesser sanctions will suffice. Jansson v. Fairleigh Dickinson University, 198 N.J. Super. 190 (App.Div. 1985). As we observed in Crews v. Garmoney, 141 N.J. Super. 93, 96 (App.Div. 1976), "there is a general disinclination to invoke the ultimate sanction of dismissal where the statute of *269 limitations has run." See, Schlosser v. Kragen, 111 N.J. Super. 337 (Law.Div. 1970); W. Milford Tp. Bd. of Ed. v. Rockwell Mfg. Co., 173 N.J. Super. 506 (Law.Div. 1980).
The trial judge vacated the February 5, 1988 order which reinstated the plaintiffs' original complaint reasoning that: "[t]he dismissal of plaintiff's (sic) claim on January 31, 1987 for lack of prosecution constituted final termination of plaintiff's (sic) action due to the expiration of the statute of limitations. The case of Zaccardi v. Becker, 88 N.J. 245 (1982) and Rivera v. Prudential Property & Cas. Inc. Co., 104 N.J. 32 (1986) are dispositive of this issue and require this court grant defendant's motion to dismiss plaintiff's (sic) complaint." We disagree with the trial judge's interpretation of Zaccardi and Rivera. In both cases the plaintiff's complaint was dismissed for failure to comply with R. 4:23-5(e) and the trial judge refused to reinstate it because of certain transgressions attributed to plaintiff's counsel. Further, the plaintiff in both cases were compelled to institute a second complaint alleging the same cause of action, and in each case the defendant raised the statute of limitations as a defense to the second action. In Zaccardi, wrongful, misleading and dilatory conduct on the part of the defendant estopped defendant from claiming the benefit of the statute. 88 N.J. at 257-258. However, in Rivera, defendant's conduct created no equities in favor of the plaintiff and the defense was permitted to bar plaintiff's second complaint. 104 N.J. at 39-40. Neither Zaccardi nor Rivera are applicable to this case because plaintiffs here did not institute a second lawsuit, but, rather, obtained the court's permission to reinstate the original complaint. Zaccardi and Rivera would not have been decided as they were had the trial judge in each case granted plaintiff's motion to reinstate the original complaint. The trial judge in this case overlooked this most important fact.
Although R. 1:13-7(a) does not specifically state that a plaintiff has the right to move for reinstatement of a complaint once dismissed, R. 1:13-7(b), which addresses actions filed in the *270 Special Civil Part, clearly envisions the restoration of the original complaint. Indeed, it permits restoration automatically, without "motion or further order," if service of the summons and complaint occurs within one year of the dismissal date. Presumably, restoration thereafter would have to be on motion. It would be anomalous to interpret the rule so as to allow the restoration of complaints in the Special Civil Part but prohibit such a procedure in other civil cases. Indeed, defendant does not challenge the right of a party to seek reinstatement of a complaint dismissed under R. 1:13-7(a). Defendant simply argues on appeal, adopting the trial judge's reasoning, that the statute of limitations can be raised as a defense to a complaint that was dismissed pursuant to the rule and then reinstated after the statute of limitations has run. We see no reason to apply different principles to a complaint reinstated under R. 1:13-7(a) from a complaint reinstated pursuant to R. 4:23-5(a) or reinstated after a voluntary dismissal without prejudice as in Miller v. Estate of Kahn, supra. Thus, if a defendant could not raise the statute of limitations defense prior to the dismissal of the complaint, it cannot do so at the time it is restored.
Although defendants could not avail themselves of the statute of limitations, they were not barred from raising the defense that the summons did not issue within ten days after the filing of the complaint. R. 4:4-1. In fact, that defense was the basis for Nabisco's motion before the trial judge. However, the trial judge, applying the principles of McLaughlin v. Bassing, 100 N.J. Super. 67 (App.Div. 1967) (Sullivan, J.A.D., dissenting); rev'd on dissent, 51 N.J. 410 (1968), found no grounds for a dismissal of the action. Nabisco has taken no appeal from that finding. In addition, defendants do not contend that the first judge, who vacated the dismissal of the action, abused her discretion when she restored the case to the trial list.
The judgment under review is reversed and the matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] The statute of limitations is an affirmative defense and must be pleaded or the defense is waived. Fees v. Trow, 105 N.J. 330, 335 (1987). For that reason, it has been held that the defense is not "self-executing" and must be advanced by the defendant. Zaccardi v. Becker, 88 N.J. 245, 256 (1982). The only exception, one which does not exist in this case, is where the untimeliness of the action appears on the face of the pleadings. Prickett v. Allard, 126 N.J. Super. 438 (App.Div. 1974) affm'd o.b. 66 N.J. 6 (1974). Thus, we question whether it is appropriate for the trial judge to raise the issue sua sponte. However, since the issue was not raised on appeal we simply note it for the future guidance of the bench and bar.