833 A.2d 666

J. ROBERTS AND SON, INC., ALBERT KOHLMEYER, INDIVIDU-ALLY AND TRADING AS WILLIAM B. SNELBAKER AND SON AND W.B. LIPPENCOTT AND SON, PLAINTIFFS–APPEL-LANTS, v. HILLCREST MEMORIAL COMPANY, DEFENDANT–RESPONDENT, AND GARDEN STATE CEMETERY COMPANY, WOODBURY MEMORIAL PARK CEMETERY, INC., EGLING-TON CEMETERY COMPANY, INC., FUNERAL AND CEME-TERY MERCHANDISE COMPANY, WEST JERSEY MEMORIAL COMPANY, GATES OF HEAVEN CEMETERY, INC., JESSIE PEBBLY, INDIVIDUALLY AND/OR T/A GARDEN STATE CEM-ETERY, EGLINGTON CEMETERY, WOODBURY MEMORIAL PARK CEMETERY, ESTATE OF CAROL PEBBLY, INDIVIDU-

ALLY AND/OR T/A GARDEN STATE CEMETERY COMPANY,
INC., WOODBURY MEMORIAL PARK CEMETERY INC., MET-
RO BURIAL AND CREMATION SERVICES, INC., JAMES MOR-
ROW, LINDA LACEY, CHARLES "CHUCK" KEARNS, LISA
STANIKER, BARBARA LONG, AND ANNE ROWAN, DEFEN-
DANTS.

Superior Court of New Jersey
Appellate Division

Argued October 1, 2003—Decided October 29, 2003.

Before Judges KING, LINTNER and LISA.

*Mark S. Nathan* argued the cause for appellants (*Garber, Nathan & Garber,* attorneys; *Mr. Nathan,* on the brief).

*Joel Schneider* argued the cause for respondent (*Archer & Greiner and Peter Platten of the Pennsylvania Bar,* admitted pro hac vice, attorneys; *Mr. Schneider and Mr. Platten,* on the brief).

The opinion of the court was delivered by

LINTNER, J.A.D.

This appeal requires us to determine whether an administrative dismissal of a complaint under *R.* 1:13--7 precludes a plaintiff from filing a subsequent similar complaint without a showing of good

cause. We hold that the good cause requirement of the rule applies to attempts by a plaintiff to have an originally filed complaint reinstated. It does not prevent the filing of a second complaint with the same allegations, following an administrative dismissal.

The relevant facts are substantially undisputed. On March 30, 2001, plaintiffs, who are in the monument and grave memorial business, filed a complaint in the Camden County Law Division naming several defendant cemeteries and monument companies, and alleging that they had improperly sold cemetery monuments, burial markers, and bronze memorials, in violation of the New Jersey Cemetery Act, *N.J.S.A.* 8A:5–3. Instead of answering the complaint, a number of the cemetery defendants, represented by the same counsel, moved successfully to quash service. Thereafter, plaintiffs were notified by the Camden County Law Division that the complaint would be administratively dismissed without prejudice, pursuant to R. 1:13–7, if they failed to file proofs of service or if answers were not filed.[1] Between October 6, 2001 and November 17, 2001, plaintiffs' complaint was dismissed against all but one defendant, Gates of Heaven Cemetery, Inc. (Gates of Heaven), which had filed an answer. According to plaintiffs, when they realized that Camden County was not the proper venue, they permitted the Camden County complaint to be administratively dismissed for lack of prosecution.

On December 6, 2001, plaintiffs filed a subsequent complaint with the Law Division in Gloucester County, mirroring the allegations in the Camden County complaint. On February 21, 2002, one of the defendants, Hillcrest Memorial Park Company, moved to dismiss plaintiffs' Gloucester County complaint, asserting that the Camden County Complaint was still active because Gates of Heaven had filed an answer, even though plaintiff had "served the wrong Gates of Heaven." Hillcrest maintained that because the Camden County complaint was still pending against Gates of

---

[1] The notice is not provided in the appendix.

Heaven, plaintiffs' Gloucester County complaint, which contained a certification that the matter in controversy was not the subject matter of other proceedings, was not in compliance with *R.* 4:5–1(b)(2). Hillcrest's motion also sought to quash the Gloucester County complaint, contending that the summons was not served within ten days after the filing of the complaint pursuant to *R.* 4:4–1.[2] On April 11, 2002, plaintiffs filed a voluntary stipulation dismissing their Camden County complaint against Gates of Heaven.

Oral argument was held before the motion judge on May 24, 2002. Hillcrest argued that because the complaints were identical, the provisions of *R.* 1:13–7 preclude the matter from proceeding in Gloucester County and require plaintiff to seek reinstatement in Camden County upon a showing of good cause. Accepting Hillcrest's argument, the motion judge concluded:

> [T]his motion that is before me to dismiss the complaint, it relates to Rule 1:13–7, in which the virtually identical complaint had been filed in Camden County, and, among other things, was dismissed for lack of prosecution.
>
> As to answer to the question, after such dismissal, can the plaintiff then go to another county where there may be venue and file the complaint again, I believe that the sentence in that Rule 1:13–7 has meaning, which states, "[r]einstatement of the action after dismissal may be permitted only on motion for good cause shown."
>
> Therefore, I think that the movant is correct, that there are important reasons why pursuit of this action needs to proceed only by application to Camden County on Motion for Good Cause Shown as to reinstatement of the action there. Then as to whether the matter would proceed in that county or another county is just a matter of determination of which is the most appropriate venue.
>
> I am going to, therefore, grant defendant's Motion for Dismissal pursuant to the application of Rule 1:13–7. Motion granted.

On appeal, Hillcrest argues that *R.* 1:13–7 "bars plaintiffs from filing their complaint in Gloucester County after the same complaint was dismissed for lack of prosecution in Camden County."

---

[2] The rule has since been amended, now allowing fifteen days for service. *See* Pressler, *Current N.J. Court Rules,* comment on *R.* 4:4–1 (2002).

It maintains as it did before the motion judge that the complaints are the "same" because they seek the identical relief.

*R.* 1:13–7(a) states in pertinent part:

Except ... as otherwise provided by rule or court order, whenever any civil action shall have been pending in any court for four months without any required proceeding having been taken therein, the court shall issue written notice to the parties advising that the action as to any or all defendants will be dismissed without prejudice 60 days following the date of the notice unless, within said period, proof of service of process has been filed, or an answer or other response by way of motion or acknowledgement has been filed, or a motion has been filed asserting that the failure of service or the filing of an answer is due to exceptional circumstances. If the plaintiff fails to respond as herein prescribed, the court shall enter an order of dismissal *without prejudice* as to any named party defendant who has not been served or has not answered and shall furnish the plaintiff with a copy thereof. *Reinstatement of the action* after dismissal may be permitted only on motion for good cause shown....

[*R.* 1:13–7(a) (emphasis added).]

"*R.* 1:13–7 is an administrative rule designed to clear the docket of cases that cannot, for various reasons, be prosecuted to completion." *Mason v. Nabisco Brands, Inc.,* 233 *N.J.Super.* 263, 267, 558 *A.*2d 851 (App.Div.1989). "[T]he primary utility of the rule has traditionally been the dismissal of cases in which service has not been made on the defendant within six months following the filing of the complaint." *Rivera v. Atlantic Coast Rehab. & Health Care Ctr.,* 321 *N.J.Super.* 340, 344, 729 *A.*2d 42 (App.Div. 1999). If a case remains inactive for four months, the court will send the parties a notice that the complaint will be dismissed without prejudice as to any unserved defendant sixty days after the date of the notice. Pressler, *Current N.J. Court Rules,* comment 1 on *R.* 1:13–7 (2002). The complaint will not be dismissed if within that time a proof of service on that defendant has been filed, an answer has been filed by defendant, or a motion has been filed explaining that service was not and cannot be made due to exceptional circumstances. *Ibid.* Because there is no adjudication on the merits, the dismissal, pursuant to the rule, is without prejudice. *Mason, supra,* 233 *N.J.Super.* at 267, 558 *A.*2d 851. Accordingly a "subsequent complaint *alleging the same cause* of action will not be barred simply by reason of its prior

dismissal." *Ibid.* (emphasis added). However, the defendant in the second suit may assert, and a plaintiff may be subject to, the defense of the statute of limitations based upon the filing date of the second complaint. *Id.* at 268, 558 *A.*2d 851.

Reinstatement of an original complaint differs significantly from filing a second complaint after the first complaint is dismissed without prejudice. Unlike the filing of a second complaint, a reinstated or restored complaint does not trigger the statute of limitations even though the reinstatement occurs after the statute of limitations has run. Where a matter is reinstated, the action reverts to the status of the complaint as it existed at the time the dismissal was entered. *Ibid.* If a viable statute of limitations defense existed just prior to the dismissal it would still be available as a defense after the original complaint is reinstated. If, on the other hand, the defense was unavailable at the time the matter was dismissed, the subsequent reinstatement does not provide the basis for invoking the statute of limitations. The rationale is simple. "It is in recognition of the principle that the filing of a new complaint may implicate the statute of limitations that courts have been loathe" to deny a motion to reinstate a complaint previously dismissed without prejudice where there is good cause to do so. *Ibid.*

We reverse because the *R.* 1:13–7 preclusion, for less than good cause, applies to reinstatement of the original complaint, not to the filing of a second complaint asserting the same allegations as the first. This holding, however, does not end our inquiry. Here, although the original complaint was dismissed in its entirety at the time Hillcrest's motion was argued, it was still pending, albeit against a mistakenly named party that had answered, when the second complaint was filed, purportedly without a certification pursuant to *R.* 4:5–1(b)(2).

*R.* 4:5–1(b)(2), in pertinent part, requires

[e]ach party [to] include with the first pleading a certification as to whether the matter in controversy is the subject of any other action pending in any court.... [Where a party fails to comply,] the court may impose an appropriate sanction

including ... the imposition on the non-complying party of litigation expenses that could have been avoided by compliance with this rule.

In reversing the order of dismissal we do not address the merits of Hillcrest's contention respecting the propriety of the summons. That issue is not before us and should be addressed on remand along with the applicability, if appropriate, of any sanctions pursuant to *R.* 4:5–1(b)(2).

Reversed and remanded.