**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1036-20

ANA F. CRUZ-SOSA,

     Plaintiff-Appellant,

v.

NEWPORT CENTRE MALL,
NEWPORT CENTRE MALL,
LLC, SIMON PROPERTY
GROUP, and ABLE BUILDING
MAINTENANCE,

     Defendants-Respondents.

_____

Submitted January 19, 2022 – Decided January 28, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2283-15.

Carlos H. Acosta, Jr., attorney for appellant.

Weiner Law Group, LLP, attorneys for respondents Newport Centre Mall, Newport Centre Mall, LLC, and Simon Property Group (Lawrence M. Berkeley, of counsel and on the brief; Jason Mastrangelo, on the brief).

Tompkins, McGuire, Wachenfeld & Barry, LLP, attorneys for respondent Able Building Maintenance (Richard F. Connors, Jr., of counsel and on the brief).

PER CURIAM

On May 26, 2015, plaintiff Ana F. Cruz-Sosa filed a complaint against defendants, seeking personal injury damages based on her alleged fall at the Newport Centre Mall in Jersey City on June 2, 2013. Service was apparently attempted soon after the complaint was filed, but not achieved, and the trial court administratively dismissed the complaint without prejudice pursuant to Rule 1:13-7.

Nearly five years later – in March 2020 – plaintiff effected service of process on defendants and moved for reinstatement of the complaint. Defendant Able Building Maintenance opposed the motion. In an order dated April 24, 2020, the trial judge denied the motion to reinstate as it applied to Able and the complaint against Able was dismissed with prejudice. Defendant Newport Centre, LLC i/s/h Newport Centre Mall, Newport Centre Mall, LLC, and Simon Property Group (collectively "the Mall") did not file timely opposition to plaintiff's motion – later claiming the insurgence of the COVID-19 pandemic hampered it – and another order was entered on April 24, 2020, reinstating the

complaint against the Mall. That same day, the Supreme Court entered an order relaxing filing deadlines because of the pandemic.

The Mall unsuccessfully moved twice for reconsideration of the April 24, 2020 order, and then unsuccessfully moved in this court for leave to appeal. Plaintiff then moved for reconsideration of the dismissal of the action as to Able. The judge denied relief. During the course of oral argument, however, the Mall again asserted that the action against it should also have been dismissed with prejudice. The judge invited the Mall to file a reconsideration motion, which the judge later granted, concluding plaintiff failed to demonstrate "good cause," as required by Rule 1:13-7(a), for reinstatement because her attorney failed to explain why service was not affected on the Mall for nearly five years after the filing of the complaint.

Plaintiff appeals, arguing the trial judge: erred in reconsidering the order reinstating the complaint; correctly applied the good-cause reinstatement standard; misapplied the appropriate standard when denying the motion to reinstate the complaint against Able and in denying plaintiff reconsideration of that order; and failed to recognize that plaintiff's prejudice in not reinstating substantially outweighs the prejudice suffered by defendants if the complaint is reinstated. We disagree with plaintiff's arguments.

A-1036-20

Plaintiff's contention about reconsideration is without merit because she claims the judge should have complied with the standard contained in Rule 4:49-2, which applies only when the questioned disposition is a final order or judgment. Not one of the orders the judge was asked to reconsider was a final order; consequently, the judge was obligated to apply Rule 4:42-2's more liberal standard, which allows a court to reconsider an interlocutory order at any time prior to entry of final judgment in the interests of justice. See, e.g., Lawson v. Dewar, 468 N.J. Super. 128, 134-35 (App. Div. 2021). Thus, plaintiff is mistaken in arguing that the judge could not reconsider the reinstatement order absent a showing of the type described in Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). While it is true that we noted in Lawson that the liberal standard set forth in Rule 4:42-2 was not intended to encourage "frivolous, vexatious or merely repetitious" reconsideration motions, we also recognized that even the undesirability of repetitious motions should not preclude a judge from reaching a correct resolution of the issues. 468 N.J. Super. at 136-37. The rules are, after all, designed to serve the interests of justice. See R. 1:1-2; A.T. v. Cohen, 231 N.J. 337, 351-52 (2017); Ragusa v. Lau, 119 N.J. 276, 283-84 (1990). We find no procedural irregularities in how the trial judge

4

eventually arrived at what we agree was the correct disposition of plaintiff's attempt to reinstate her complaint.

In focusing on the disposition and not so much how the trial judge got there, we are mindful that the right to reinstatement after an administrative dismissal under Rule 1:13-7 is "ordinarily routinely and freely granted when plaintiff has cured the problem that led to the dismissal even if the application is made many months later." Rivera v. Atl. Coast Rehab. & Health Care Ctr., 321 N.J. Super. 340, 346 (App. Div. 1999) (citing Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 267-70 (App. Div. 1989)). But we also recognized in Rivera that the liberality required begins to diminish as greater time passes from dismissal without a correction of the deficiencies that led to dismissal. In cases of "a substantial delay," which we characterized in Rivera as "a year or more," in failing to effect service of process, courts must be more insistent on the presence of good cause for relief while also considering the absence of prejudice to the non-delinquent parties. Id. at 346-47.[1]

_____

[1] We note that Rule 1:13-7 was significantly revamped since Rivera but, as we observed in Estate of Semprevivo v. Lahham, 468 N.J. Super. 1, 14 (App. Div. 2021), the "exceptional circumstances" standard referred to in Rule 1:13-7(a) does not apply in a multi-defendant case where, as here, no defendant has appeared by the time reinstatement is sought.

When considering whether "good cause" has been met, a court's examination should start with the plaintiff's particular showing. And, here, that practically ends the analysis because plaintiff provided no explanation for the extraordinary delay. Her attorney's supporting certification recognizes that the injury occurred in 2013, that the complaint was filed on June 1, 2015, and that counsel asked an entity to serve process on June 3, 2015. According to counsel's certification, service did not occur in 2015 as intended and the action was thus administratively dismissed. Plaintiff's counsel's next step – according to his certification – occurred approximately fifty-five months later when, in January 2020, he asked the clerk's office to explain what procedurally happened to the suit. The attorney's certification is bereft of any explanation about what occurred with plaintiff or in his office from June 2015 to January 2020, and it is hard to imagine either plaintiff or her attorney thought the nearly five-year dormancy of the suit was normal.

In seeking reinstatement, plaintiff and her attorney were obligated to show their cards in attempting to convince the court there was some good reason for the lengthy inaction. The absence of such an explanation entitles a court to assume good cause for reinstatement was lacking.

A-1036-20

Even if this were not so and an unexplained five-year hibernation alone was not enough to allow for a denial of reinstatement,[2] both the Mall and Able provided evidence of the problems they would face if plaintiff was allowed to prosecute this matter at this late date. They both asserted that they had no knowledge of the lawsuit until served in March 2020, nearly seven years after the alleged acts of negligence, nearly five years after the filing of the complaint, and well beyond the two-year statute of limitations. The Mall asserted that its security director and operations director at the time of plaintiff's alleged fall no longer work for it. Able, which provided janitorial services for the Mall at the time, has not been involved with the Mall since July 2015. And Able has asserted that none of the janitorial employees assigned to the Mall at the time of the incident were still employed by Able when notice of the suit was first given in March 2020; Able additionally asserts that the whereabouts of the employees who did work at the Mall at the time are unknown to it.

Plaintiff's attorney has argued that plaintiff has been prejudiced; since no sworn statement of plaintiff was ever provided in the trial court motions, a

---

[2] We recognize reinstatement was found appropriate despite delays of more than a year, see Baskett v. Kwokleung Cheung, 422 N.J. Super. 377, 384-85 (App. Div. 2011) (thirty-three month delay); Ghandi v. Cespedes, 390 N.J. Super. 193, 195 (App. Div. 2007) (delay of seventeen months), but nothing like the delay here.

A-1036-20

description of her alleged prejudice has never been provided. The most we can assume on this record is that her prejudice consists of the demise of her suit against these defendants. But, if the inability to obtain reinstatement was the product of her representative's inattentiveness, plaintiff will likely suffer no appreciable prejudice; if she had a meritorious claim against these defendants, it may simply be transmuted into a negligence claim against her representatives. Without knowing more than what plaintiff or her attorney have chosen to tell the trial judge, we cannot say that plaintiff has suffered any appreciable prejudice or that her prejudice is greater than that facing the Mall and Able if the action against them is allowed to proceed.[3]

We conclude that even if the extraordinary amount of time that passed before plaintiff moved was not enough to preclude reinstatement, the trial judge did not abuse his discretion in ultimately precluding reinstatement because: plaintiff failed to explain the nearly five years of inactivity; defendants provided evidence of their prejudice in not receiving service of process until five years

---

[3] Stated another way, because the several years' long delay was caused by plaintiff or her representatives – and not defendants – then simple fairness requires that the risk of loss fall on the parties responsible for the situation rather than others – like defendants – who did nothing to cause the delay.

A-1036-20

after the suit's commencement and seven years after the incident occurred; and plaintiff has failed to show how she was prejudiced.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1036-20