**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2292-24

ABIODUN OLANIWUN,

     Plaintiff-Appellant,

v.

FIRAS N. ESHEESH,

     Defendant- Respondent.

_____

Submitted May 4, 2026 – Decided June 5, 2026

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. DC-002601-24.

Abiodun Olaniwun, self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

In this action brought in the Special Civil Part under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, self-represented plaintiff Abiodun Olaniwun appeals from an order dismissing his complaint against defendant Firas N.

Esheesh, a car salesman and mechanic, without prejudice. Defendant has not filed a brief.[1] For the reasons that follow, we reverse and remand for reinstatement of plaintiff's complaint.

The following facts are derived from plaintiff's brief and appendix and are undisputed. In January 2024, plaintiff purchased a 2006 Cadillac DTS from defendant for $2,500. Plaintiff inquired about the vehicle after seeing it on defendant's Facebook page, asking whether there were any mechanical and electrical issues to which defendant reportedly responded "NO ISSUE" in a text message prior to the sale. The Cadillac was garaged at defendant's place of business in Rockaway and when plaintiff went there to see the Cadillac, he learned defendant was also a mechanic and inquired whether he could repair a different vehicle plaintiff owned, a 2009 Jaguar XFP, that had mechanical issues. Defendant responded in the affirmative and the parties arranged for plaintiff to bring the Jaguar to defendant's garage for repairs. Soon thereafter, plaintiff dropped off the Jaguar to defendant and drove the Cadillac home.

Thereafter, various issues arose with the Cadillac, prompting plaintiff to file a complaint against defendant in the Special Civil Part, alleging that

---

[1] The court entered an order dated February 4, 2026 suppressing defendant's brief.

A-2292-24

defendant knowingly sold him a "faulty vehicle," and demanding damages, including a refund of his money plus all other costs and expenses incurred in fixing some of the problems in the vehicle. More particularly, plaintiff alleged that the Cadillac failed to start the day after he purchased it and drove it home, prompting him to contact defendant who advised him to use jumper cables to start the vehicle, and that one week later, the vehicle broke down on the highway and had to be towed. Plaintiff's complaint included a demand for damages in the amount of $5,700.

Plaintiff subsequently moved to amend the complaint, increasing his demand for damages to $7,759.09. The court granted the motion and entered an order on June 14, 2024. In his amended complaint, plaintiff alleged that after the Cadillac broke down on the roadway and was towed to another garage, he was presented with two options: pay storage fees of $25 per day, or pay the costs to repair the vehicle at that garage, which amounted to $7,759.09.[2]

A hearing on plaintiff's complaint was scheduled before the court on February 10, 2025. On that date, before a full courtroom, the court commenced the day's proceedings with an introduction and instructions to all litigants, which

_____

[2] Additionally, plaintiff alleges that when he retrieved the Jaguar from defendant, it had a broken center dashboard speaker, which cost him an additional $1,500 to replace, and included these costs in his amended complaint.

3

included the following: "[y]ou are here for the Morris County Small Claims and Special Civil calendar call," "[i]f both parties are here we're going to send you to a settlement conference," and "[i]f I have a plaintiff and I have no defendant, I'm going to enter what's called default. If I have a defendant and I have no plaintiff the case against you will be dismissed." The court next explained that any litigant who decides to go to trial "are going to be bound by the same rules of court and the same rules of evidence just as if you were an attorney," and "[i]f you are unhappy with any decision . . . you have the absolute right to take an appeal of that decision with the Appellate Division of the Superior Court. You have [forty-five] days to file your appeal, and you have to pay for and request the transcript of today's proceedings."

The court called plaintiff's case first and both parties responded that they were present and ready and were sent to a settlement conference. Following the unsuccessful settlement conference and the parties' return to the courtroom, the court stated "[e]veryone is going to stay in the courtroom until we give you instructions otherwise so that we don't lose anyone for our settlement conferences, and we don't want people milling about in the hallway so that we don't know where anyone is."

The court next called plaintiff's case, but only defendant responded; plaintiff was not in the courtroom. The court dismissed plaintiff's complaint without prejudice, finding plaintiff had "voluntarily absented himself." The court noted that court staff had searched for plaintiff to no avail and granted defendant's application for dismissal due to plaintiff's absence. The court also denied plaintiff's subsequent motion to reinstate his complaint. Plaintiff appealed.

Our standard of review concerning a dismissal of a complaint is whether the trial court abused its discretion. Abtrax Pharm. v. Elkins-Sinn, 139 N.J. 499, 517 (1995). The decision whether to dismiss with or without prejudice is reposed in the sound discretion of the trial court under Rule 4:37-2(a)." Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 346 (1984); see also Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005). "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)). "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." R.Y., 242 N.J. at 65 (2020) (quoting Flagg v. Essex Cnty. Prosecutor,

171 N.J. 561, 571 (2002)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)). Moreover, we must defer to the trial court's findings of fact and conclusions of law "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (quoting Fagliarone v. Twp. of No. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963))."

Dismissal, even without prejudice, is a drastic remedy and should be used sparingly, especially where the result is to deprive a litigant of a hearing on the merits. Zaccardi v. Becker, 88 N.J. 245, 253 (1982). As stated in Egg Harbor Care Ctr. v. Scheraldi, 455 N.J. Super. 343, 355 (App. Div. 2018), "a dismissal based on the court's procedural inability to consider a case is without prejudice." "A dismissal without prejudice means that there has been no adjudication on the merits and that a subsequent complaint alleging the same cause of action will not be barred by reason of its prior dismissal." Czepas v. Schenk, 362 N.J.

A-2292-24

Super. 216, 228 (App. Div. 2003) (citing O'Loughlin v. Nat'l Cmty. Bank, 338 N.J. Super. 592, 603 (App. Div. 2001); Mason v. Nabisco Brands, Inc., 233 N.J. Super. 263, 267 (App. Div. 1989)).[3]

On appeal, plaintiff argues the dismissal was unfair and unjust, asserting that he did not voluntarily absent himself but had to use the restroom due to a medical need and that he informed the Sheriff's Officer stationed in the courtroom. He contends the judge's order mischaracterizes his actions and requests reversal for a fair judgment. Substantively, plaintiff maintains defendant's misrepresentation about the vehicle's condition and failure to disclose damage to the Jaguar constituted violations of New Jersey's Consumer Fraud Act and criminal mischief statutes, and these issues were not properly adjudicated due to the procedural dismissal. He seeks reinstatement of his complaint for an adjudication of his claims on the merits.

Here, there is no question the court properly and plainly instructed all litigants to remain present in the courtroom in order to avoid exactly what happened here. The record clearly shows the court advised the litigants to "stay

---

[3] A dismissal is with prejudice "[u]nless the order of dismissal otherwise specifies," and "any dismissal not specifically provided for by [Rule] 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits." R. 4:37-2(d).

in the courtroom until we give you instructions otherwise so that we don't lose anyone for our settlement conferences, and we don't want people milling about in the hallway so that we don't know where anyone is." Despite the court's warning, however, plaintiff was absent from the courtroom after his case was called for trial, prompting the court to remark that "we cannot locate plaintiff, Mr. Olaniwun," which was confirmed by defense counsel and court staff. The court further noted, "I believe he was informed at least fifteen minutes ago that we were proceeding to trial, . . . and he's not here." The court dismissed plaintiff's complaint following defendant's application for dismissal, reiterating it had instructed all parties to remain in the courtroom unless they were at their settlement conference, and plaintiff was not given instructions otherwise, finding "plaintiff had absented himself" from the courtroom.

Nevertheless, the record reflects that plaintiff's absence was not willful or contumacious, but rather due to a claimed medical need to use the restroom, which he asserts was communicated to court staff. The court's own instructions to litigants to remain in the courtroom were clear, but the circumstances suggest at least a plausible explanation for plaintiff's absence. The court did not make a specific finding that plaintiff's explanation was not credible, nor did it explore whether the absence was truly "voluntary" or the result of excusable neglect.

A-2292-24

New Jersey courts have recognized that where a litigant's failure to appear is due to excusable neglect, reinstatement is appropriate, particularly where the opposing party is not prejudiced and the absence was not part of a pattern of delay or disregard for court orders. See Mason, 233 N.J. Super. 263, 267 (App. Div. 1989) ("A dismissal without prejudice means that there has been no adjudication on the merits and that a subsequent complaint alleging the same cause of action will not be barred by reason of its prior dismissal."). On the contrary, the record shows that plaintiff was present in the courtroom at the time of the calendar call and attended the settlement conference, which we can fairly infer was indicative of his intent to proceed to trial. And, as the court had duly advised all litigants, due to the sheer number of litigants present for the day's proceedings, the record suggests the proceedings were lengthy, and thus, it was not unreasonable that plaintiff would need to excuse himself from the courtroom at some point to use the facilities, as he claimed. The court referenced a discussion with its staff about plaintiff's whereabouts, but did not otherwise note on the record whether plaintiff had advised the Sheriff's Officer of his need to be excused from the courtroom as he claimed.

Moreover, there is no indication in the record that defendant would be prejudiced by reinstatement and proceeding to trial. Under these circumstances, and

A-2292-24

given the strong preference for adjudication on the merits, the absence of prejudice to defendant, and plaintiff's assertion of excusable neglect, the interests of justice would be served by reinstating the complaint and allowing plaintiff to present his claims at trial, which is consistent with our preference for matters to be decided on their merits rather than on procedural grounds. Nowosleska v. Steel, 400 N.J. 297, 303 (App. Div. 2008). We are thus satisfied that the court's denial of reinstatement, without further inquiry into the circumstances of plaintiff's absence and without a finding of willful disregard for court orders, constitutes an abuse of discretion, warranting reversal.

Reversed and remanded for reinstatement of plaintiff's complaint. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division